JOURNAL ENTRY and OPINION
Defendant-appellant, Carmen Gonzalez, appeals her convictions for aggravated robbery and felonious assault. Defendant raises nine assignments of error which are addressed below. For the reasons that follow, we affirm the convictions, vacate the sentence and remand for re-sentencing.
On July 15, 1999, Joe Black was attacked by two females, later identified as Gonzalez and Tonia Athens, after exiting a bus in the area of West 28th Street and Detroit Avenue. The females demanded money, and Gonzalez held a box cutter knife against Black's body while rifling his pockets. Gonzalez and Athens stole approximately $20 in cash from Black.
Subsequent to the attack on Black, Gonzalez and Athens robbed and assaulted Judy Storrs near West 25th and Detroit Avenue. Storrs refused to give the assailants her purse or respond to their demands for money. When she refused, Gonzalez held a box cutter knife to Storrs' face. A struggle ensued, and Gonzalez slashed Storrs with the knife causing a superficial wound on Storrs' face and a more serious wound on Storrs' neck. Gonzalez and Athens took off with Storrs' purse which contained over $100 in cash, a cell phone and other valuables.
Black notified police and described the individuals who had accosted him. Officer Andrews of the Cleveland Police Department interviewed Storrs, who provided a similar description of her attackers. The police arrested Gonzalez and Tonia Athens, who matched the descriptions provided by Black and Storrs.
After the arrest, Black was brought to the scene and identified Gonzalez and Athens as his attackers. Storrs also identified the women when a photo array was presented to her at the police station.
The grand jury indicted Gonzalez on two counts of aggravated robbery against Judy Storrs and Joe Black, and for two counts of felonious assault against Judy Storrs and Joe Black.
At trial, the State called Black, Storrs, Athens, and Andrews as witnesses. Athens confessed to the crimes, and stated that Gonzalez had been her accomplice in committing them.
The defense raised an alibi, which alleged that at the time of the incidents, Gonzalez was on the phone with an individual named Katie McGlynn, an employee at the Cuyahoga County Board of Mental Retardation and Developmental Disabilities. However, McGlynn was unable to verify that she was on the phone with Gonzalez on the date in question. In addition to McGlynn, the defense called several witnesses to testify in support of this alibi and to provide testimony as to Gonzalez's character.
A jury returned a guilty verdict on all four counts. Gonzalez was immediately sentenced by the trial court as follows: for the crimes committed against Judy Storrs, a maximum term of ten years on count one and a maximum term of eight years on count three; for the crimes committed against Joe Black, seven years on count two and seven years on count four. All sentences were to run consecutively.
Gonzalez's first, fourth and fifth assignments of error all address the trial court's rulings concerning the exclusion or admission of evidence. The decision to admit or exclude evidence at trial is a matter which lies within the sound discretion of the trial court, whose judgment will not be disturbed unless it is unreasonable, arbitrary or unconscionable. Felden v. Ashland Chem. Co. (1993), 91 Ohio App.3d 48, 59, 631 N.E.2d 689; Zender v. Daimler/Chrysler Motors Corp. (Nov. 2000), Cuyahoga App. No. 77814, 2000 Ohio App. LEXIS 5590. Furthermore, "error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected." Evid.R. 103, see also, Zender. "In short, harmless evidentiary error is not a ground for reversal and retrial." Evid.R. 103, Staff Note. This standard is applied to assignments one, four and five which are addressed below.
In her first assignment of error, Gonzalez argues that:
 I. THE TRIAL COURT ERRED BY DENYING ADMISSION INTO EVIDENCE A LETTER PREPARED BY A DEFENSE WITNESS THAT CONSTITUTED AN EXCEPTION TO THE HEARSAY RULE.
Gonzalez challenges the trial court's exclusion of a letter prepared by defense witness, Johanna Fouse-Good, a habilitation supervisor at the Cuyahoga County Board of Mental Retardation and Developmental Disabilities. Good was called to testify in support of Gonzalez's alibi. Gonzalez attempted to admit into evidence a letter prepared by Good, although Good was present and could testify to its contents. Gonzalez argues that although the letter is hearsay, its admission would have been proper under the hearsay exception for recorded recollection contained in Evid.R. 803(5).
The recorded recollection exception to the hearsay rule is inapplicable to the letter. In order to qualify as a past recorded recollection, the elements set forth by the Ohio Supreme Court in State v. Scott (1972),31 Ohio St.2d 1, 9, 285 N.E.2d 344, 350, must be met. In regard to the document, Scott provides:
 the statement [must] consist of facts of which the witness had firsthand knowledge; the written statement was the original memorandum made near the time of the event while the witness had a clear and accurate memory of it; the witness lack[s] a present recollection of the words used * * * [in the memorandum]; and the witness stated that the memorandum was accurate.
The letter written by Good fails to meet the elements in Scott. Good did not have firsthand knowledge of the events described in the letter in question. The letter states that Gonzalez was speaking with McGlynn, Good's employee, at the same time that the crimes were allegedly committed. However, Good's knowledge of this conversation between McGlynn and Gonzalez was based on information McGlynn told her. On three separate occasions during her testimony, Good was asked of her personal knowledge of McGlynn's and Gonzalez's conversation, and each time she responded by stating that her knowledge came from a subsequent conversation with McGlynn. As such, the trial court's exclusion of the letter was proper because it constituted hearsay, and did not meet the requirements of Evid.R. 803(5), the past recollection recorded exception to the hearsay rule.
The first assignment of error is overruled.
In her fourth assignment of error, Gonzalez maintains that:
 IV. THE TRIAL COURT ERRED IN ADMITTING EVIDENCE OF A PRIOR CONVICTION OVER TEN YEARS OLD AND EVIDENCE OF OTHER CRIMES, WRONGS OR ACTS COMMITTED BY THE DEFENDANT.
Gonzalez argues that the trial court erred by overruling her objections and permitting the State to impeach her credibility with evidence of prior convictions for drug abuse and theft offenses.
Evid.R. 609 governs the procedure for impeachment by evidence of conviction of crime. Evid.R. 609(A)(2) provides:
 [e]vidence that the accused has been convicted of a crime is admissible if the crime was punishable by death or imprisonment in excess of one year pursuant to the law under which the accused was convicted and if the court determines that the probative value of the evidence outweighs the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.
Evid.R. 609(B) imposes a limit on the ability of a party to impeach a witness's credibility with his prior convictions and provides, in part:
 Evidence of a conviction * * * is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement, or the termination of probation, or shock probation, or parole, or shock parole imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.
The State impeached Gonzalez with evidence of the following felony convictions: (1) drug abuse on February 24, 1994; (2) drug possession for which she was convicted in November of 1993; and (3) theft for which she was convicted in 1997. The trial took place on October 26, 1999, and therefore, the crimes listed above were within the time limit set forth in Evid.R. 609(B).
The State also impeached Gonzalez with evidence of an arrest for the unauthorized use of a vehicle which occurred on March 25, 1989. Gonzalez argues that evidence of the March 25, 1989 arrest was inadmissible because it was over ten years old.
As asserted by Gonzalez in her brief, the State never indicated whether Gonzalez had been arrested or convicted of the crime, but merely asked Gonzalez if she remembered being arrested in 1989 in New York for unauthorized use of a motor vehicle.
Gonzalez has not adequately demonstrated that the 1989 arrest, and presumed subsequent conviction exceeded the time limit of Evid. R. 609(B). It is Gonzalez's burden to demonstrate error. App.R. 9.
In the instant case, the record reveals that Gonzalez was arrested for unauthorized use of a vehicle in March of 1989. The sentencing record reflects that Gonzalez was convicted of unauthorized use of a vehicle on March 14, 1990. This conviction falls within the time frame in Evid.R. 609(B), and is therefore admissible.
We are without the information necessary to determine whether the March 14, 1990 conviction was for the incident for which Gonzalez was arrested on March 25, 1989. The record does disclose, however, that both the arrest and conviction were for the same offense, unauthorized use of a vehicle. Further, both the arrest and conviction took place in Suffolk County, New York. Gonzalez has not argued otherwise. Therefore, we must presume regularity in the trial court's actions. That is, we must assume that the ten-year limit has not been overstepped. See State v. Franklin (July 27, 1989), Cuyahoga App. No. 55604, 55684, 1989 Ohio App. LEXIS 3019.
Thus, Gonzalez's fourth assignment of error is not well-taken.
In her fifth assignment of error, Gonzalez alleges that:
 V. THE TRIAL COURT ERRED IN PERMITTING THE ADMISSION OF IRRELEVANT EVIDENCE OR IN THE ALTERNATIVE, RELEVANT EVIDENCE WHERE PROBATIVE VALUE IS SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE.
Gonzalez correctly asserts that the State's detailed questioning about Gonzalez's reading of the Bible was irrelevant, because it did not have any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Evid.R. 401. Because this evidence was irrelevant, it should not have been admitted. Evid.R. 402.
However, notwithstanding the lack of relevancy, we find the admission of this evidence amounts to harmless error. As stated above, harmless evidentiary error is not a ground for reversal and retrial." Evid.R. 103, Staff Note.
Applying this standard to Gonzalez's fifth assignment of error, we find the assignment is without merit.
In her second assignment of error, Gonzalez argues:
 II. COMMENTS MADE BY THE COURT DURING THE TRIAL MAY HAVE HAD PREJUDICIAL IMPACT ON THE JURY THEREBY DEPRIVING THE DEFENDANT THE RIGHT TO A FAIR TRIAL.
Gonzalez maintains that the trial court's actions and comments throughout the trial prejudiced her right to a fair and impartial trial.
Gonzalez relies on State v. Laing (Dec. 2, 1999), Cuyahoga App. No. 73927, unreported, 1999 Ohio App. LEXIS 5678, in which this court reversed the conviction of a defendant because of the prejudicial actions of the trial court. However, applying the same standards used in Laing in our analysis of this matter, we find that the actions of the trial court in the instant case were not as egregious as the actions of the trial court in Laing.
The judiciary must remain detached and neutral in any proceeding before it. State v. Bayer (1995), 102 Ohio App.3d 172, 174, 656 N.E.2d 1314. Although there is no absolute prohibition to preclude a judge from commenting during a trial, the judge must bear in mind that his or her influence on the jury can be, and properly is, of great weight. State v. Thomas (1973), 36 Ohio St.2d 68, 71, 303 N.E.2d 882.
Prejudicial error may result when the jury believes that the trial judge has an opinion in the case. State v. Kay (1967), 12 Ohio App.2d 38,49, 230 N.E.2d 652. Thus, in a jury trial, "the court's participation by questioning or comment must be scrupulously limited, lest the court consciously or unconsciously indicate to the jury its opinion on the evidence or on the credibility of a witness." State, ex rel. Wise v. Chand (1970), 21 Ohio St.2d 113, 256 N.E.2d 613, paragraph three of the syllabus.
In State v. Wade (1978), 53 Ohio St.2d 182, 188, 373 N.E.2d 1244,1248, the Ohio Supreme Court set forth five factors for reviewing courts to consider in determining whether a trial judge's actions and remarks were prejudicial:
 1) the burden of proof is placed upon the defendant to demonstrate prejudice; 2) it is presumed that the trial judge is in the best position to decide when a breach is committed and what corrective measures are called for; 3) the remarks are to be considered in light of the circumstances under which they are made; 4) consideration is to be given to their possible effect upon the jury; and 5) to their possible impairment of the effectiveness of counsel.
Gonzalez argues that the comments made by the judge undermined the defendant's credibility. She further alleges that the trial judge communicated her bias against Gonzalez to the jury by repeatedly reprimanding, interrupting and admonishing defense counsel in front of the jury.
On two occasions, the court told defense counsel, in the presence of the jury, Don't argue with the court. In addition, when Gonzalez's trial counsel asked to see an exhibit, the court replied, Sure, knock yourself out. Gonzalez has failed to show how these stray comments made by the judge amount to a communication of bias against Gonzalez.
Gonzalez argues that the comment which created the greatest potential for prejudicial impact was when the court responded to Gonzalez's request to hold the Bible while on the stand by stating, That was a great little show. You don't need to hold it. We all know you have it.
Assuming for the sake of argument that through this comment the judge expressed her opinion concerning the credibility of Gonzalez as a witness, then the second factor of Wade must be applied. As stated in Wade, it is presumed that the trial judge is in the best position to decide when a breach is committed, and what corrective measures are called for. Wade, supra. In the instant case, the trial court instructed the jury twice to disregard the court's actions and comments during deliberations. In light of the scattered comments made by the court, this instruction adequately corrected any alleged breach.
Considering the trial judge's actions and comments in light of the factors set forth in Wade, we conclude that Gonzalez has failed to meet the burden of establishing that the court demonstrated prejudice against her. Further, we find that the trial court's instruction to the jury to disregard the court's comments and actions was an adequate corrective measure for any potential breach. Therefore, Gonzalez's claim that her right to a fair and impartial trial was violated is without merit.
Accordingly, the second assignment of error is overruled.
Gonzalez raises as her third assignment of error, the following:
 III. DEFENDANT WAS DEPRIVED OF HER CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.
Gonzalez contends that her lawyer's confrontational demeanor toward judicial rulings during the trial constitutes constitutionally ineffective assistance of counsel. Gonzalez argues that her trial attorney's actions adversely affected her alibi defense by undermining the credibility of Gonzalez and the defense witnesses.
This court reviews a claim of ineffective assistance of counsel under the two-part test set forth in Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Tollivar (July 31, 1997), Cuyahoga App. No. 71349, unreported; see State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, certiorari denied (1990),497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768; State v. Hyde (Jan. 11, 2000), Cuyahoga App. No. 77592, unreported, 2001 Ohio App. LEXIS 81, at *8. Under Strickland, a reviewing court will not deem counsel's performance ineffective unless a defendant can show his lawyer's performance fell below an objective standard of reasonable representation and that prejudice arose from the lawyer's deficient performance. Bradley, 42 Ohio St.3d 136, 538 N.E.2d 373 at paragraph one of the syllabus. To show such prejudice, a defendant must prove that, but for his lawyer's errors, a reasonable probability exists that the result of the proceedings would have been different. Id. at paragraph two of the syllabus. Judicial scrutiny of a lawyer's performance must be highly deferential. State v. Sallie (1998), 81 Ohio St.3d 673, 674,693 N.E.2d 267.
An argument can be made that Gonzalez's trial counsel's behavior fell below the range of reasonable professional assistance. On several occasions throughout the trial, the court held Gonzalez's attorney in contempt of court for failing to abide by the court's rulings.
Notwithstanding the defense attorney's deficient performance, Gonzalez has failed to show that prejudice arose from her trial lawyer's errors. The court held Gonzalez's attorney in contempt of court outside of the presence of the jury. As such, the jurors were unaware of the errors being committed by defense counsel. Furthermore, there were only two occasions when the court addressed the defense attorney's behavior in front of the jury, advising defense counsel, Don't argue with the court. Therefore, Gonzalez's contention that the actions of her attorney deprived her of effective assistance of counsel is without merit. She has failed to show that had her attorney behaved differently, the result of the proceedings would have been different. See Bradley. As such, Gonzalez has failed to meet the requirements set forth in the second prong of the test in Strickland, and therefore, this assignment of error is not well-taken.
For her sixth assignment of error, Gonzalez alleges that:
 VI. EVIDENCE PRODUCED AT TRIAL WAS LEGALLY INSUFFICIENT TO SUPPORT A CONVICTION IN COUNT FOUR OF THE INDICTMENT.
Gonzalez argues that the State did not have a sufficient amount of evidence to establish all the elements required to convict her of a violation of R.C. 2903.11.
The concept of sufficiency of evidence is defined in State v. Thompkins (1997), 78 Ohio St.3d 380, 386-87, as follows:
 With respect to sufficiency of the evidence, `sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law. Black's Law Dictionary (6 Ed. 1990) 1433 * * * sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict, is a question of law. State v. Robinson (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148.
The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two at syllabus.
R.C. 2903.11, in pertinent part, provides:
 (A) No person shall knowingly do either of the following:
 (2) Cause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance.
Gonzalez argues that the State failed to prove the element of attempt to cause physical harm. In support of her argument, Gonzalez relies on State v. Brooks (1989), 44 Ohio St.3d 185, 542 N.E.2d 636. The Supreme Court in Brooks stated that [t]he act of pointing a deadly weapon at another, without additional evidence regarding the actor's intention, is insufficient evidence to convict a defendant of the offense of `felonious assault' as defined in R.C. 2903.11(A)(2). Id. at 192. (Emphasis added.)
Gonzalez maintains that because Joe Black was never verbally threatened or physically harmed, the element of attempt to cause physical harm was not met. However, Joe Black testified that while Gonzalez was demanding money, she was pushing a box cutter knife against his body. The act of pushing the knife against the victim's body serves as additional evidence regarding Gonzalez's intention to cause harm to Joe Black.
The facts above establish that the State presented evidence on each element of the offense in order to bring this matter to the jury. See Jenks, 61 Ohio St.3d at 259. As such, Gonzalez's challenge of the sufficiency of the evidence is without merit.
In her seventh assignment of error, Gonzalez argues:
 VII. AGGRAVATED ROBBERY AND FELONIOUS ASSAULT ARE ALLIED OFFENSES OF SIMILAR IMPORT; FAILURE OF DEFENSE COUNSEL TO RAISE THIS ISSUE CONSTITUTES INEFFECTIVE ASSISTANCE OF COUNSEL AND FAILURE OF THE TRIAL COURT TO CONSIDER THIS ISSUE CONSTITUTED PLAIN ERROR.
Gonzalez asserts that R.C. 2911.01 and R.C. 2903.11 are allied offenses of similar import. Further, Gonzalez contends her trial attorney's failure to raise this issue resulted in ineffective assistance of counsel. We find this assignment of error has no merit.
The Ohio Supreme Court held in State v. Rance that [w]ith its multiple-count statute Ohio intends to permit a defendant to be punished for multiple offenses of dissimilar import. R.C. 2941.25(B); State v. Blankenship (1988), 38 Ohio St.3d 116, 117, 526 N.E.2d 816, 817. If, however, a defendant's actions `can be construed to constitute two or more allied offenses of similar import,' the defendant may be convicted (i.e., found guilty and punished) of only one. R.C. 2941.25(A). State v. Rance (1999), 85 Ohio St.3d 632, 636, 710 N.E.2d 699,703.
In determining whether the crimes of aggravated robbery and felonious assault are allied offenses of similar import, we must analyze the elements of each offense to determine if those elements "* * * correspond to such a degree that the commission of one offense will [automatically] result in the commission of the other. * * * See Rance,85 Ohio St.3d at 636, 710 N.E.2d at 703; State v. Preston(1986), 23 Ohio St.3d 64, 65,491 N.E.2d 685, 686; citing, State v. Talley (1985), 18 Ohio St.3d 152, syllabus.
The Ohio Supreme Court in Rance held that when determining whether crimes are allied offenses of similar import, statutory elements should be compared in the abstract. An abstract analysis produces `clear legal lines capable of application in particular cases.'" Rance,85 Ohio St.3d at 636, 710 N.E.2d at 703, citing, Kumho Tire Co., Ltd. v. Carmichael (1999), 526 U.S. 137, 119 S.Ct. 1167, 1174, 143 L.Ed.2d 238, 250.
The Supreme Court in Preston, determined that aggravated burglary and felonious assault are not allied offenses of similar import. However, in making that determination the court applied the facts of the particular case, instead of comparing the statutes in the abstract. Notwithstanding the court's use of a different standard, a review of R.C. 2903.11 and R.C. 2911.01 in the abstract will produce the same result.
R.C. 2911.01, aggravated robbery, provides:
 (A) No person, in attempting or committing a theft offense * * * shall do any of the following: (1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it;(2) Have a dangerous ordnance on or about the offender's person or under the offender's control;(3) Inflict, or attempt to inflict, serious physical harm on another.
R.C. 2903.11, sets forth the elements of felonious assault, as follows:
 (A) No person shall knowingly do either of the following:(1) Cause serious physical harm to another * * *;(2) Cause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance.
An abstract review of the statutes establishes that one need not have feloniously assaulted a victim to support a charge of aggravated robbery. Preston, 23 Ohio St.3d at 65. Aggravated robbery (R.C. 2911.01), requires the mere possession of a deadly weapon whereas felonious assault (R.C. 2903.11), requires the actual use of a deadly weapon to cause or attempt to cause physical harm to another. Preston, 23 Ohio St.3d at 67
(Celebrezze, C.J., concurring). Therefore, these two crimes are not allied offenses of similar import.
Because R.C. 2911.01 and R.C. 2903.11 are not allied offenses of similar import, Gonzalez's argument that defense counsel's failure to raise this issue constituted ineffective assistance of counsel is moot.
We find this assignment of error is without merit.
Gonzalez's eighth assignment of error alleges:
 VIII. THE TRIAL COURT ERRED BY FAILING TO MAKE PROPER FINDINGS OF FACT PRIOR TO ISSUING MAXIMUM AND CONSECUTIVE SENTENCES.
Gonzalez maintains that the trial court's sentencing decision failed to meet the statutory requirements for imposing maximum sentences for two offenses arising out of the same incident, and for imposing consecutive sentences.
To reverse a trial court's felony sentencing decision, it is necessary to establish by clear and convincing evidence that the trial court has erred. See R.C. 2953.08(G)(1).
Applying the clear and convincing standard to these factors, we conclude that the trial court did not follow the mandates of R.C. 2929.14
and 2929.19, specifically as these statutes refer to the imposition of maximum sentences for offenses arising out of the same incident and consecutive terms.
R.C. 2929.14(C) and R.C. 2919.14(E)(4) establish the public policy disfavoring maximum or consecutive sentences except for the most deserving offenders. See, State v. Edmonson (1999), 86 Ohio St.3d 324,328, 715 N.E.2d 131, 135; State v. Berry (Mar. 9, 2000), Cuyahoga App. Nos. 75470 and 75471, unreported, 2000 Ohio App. LEXIS, 910 at *8.
R.C. 2929.14(C) and (E)(4)(b) (c) read as follows:
 (C) The court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *. (Emphasis added.)
* * *
 (E) * * * (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
* * *
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
The other statute at issue, R.C. 2929.19(B)(2)(c) and (e), sets forth the procedure that a trial court must follow when imposing consecutive sentences for multiple offenses and maximum sentences on an offender for offenses arising out of the same incident. See Edmonson,86 Ohio St.3d at 328, 715 N.E.2d at 135; Berry, supra.
Specifically, when a court imposes a maximum sentence under R.C.2929.14(C), the trial court should look to R.C. 2929.19(B)(2)(e) for guidance as to the sentencing hearing itself. See Id.; Berry, at *5. Likewise, when a court imposes consecutive terms under R.C. 2929.14(E), R.C. 2929.19(B)(2)(c) must be consulted by the court when determining the sentence. See Berry.
R.C. 2929.19(B)(2)(c) and (e) require the sentencing judge to "make a finding that gives [the] reasons for selecting the sentence imposed * * * [i]f it imposes consecutive sentences * * * [and] [i]f the sentence is for two or more offenses arising out of a single incident and it imposes a prison term for those offenses that is the maximum prison term allowed for the offense of the highest degree * * * [.]
R.C. 2929.14(E)(4) sets forth the factors for imposition of consecutive or multiple prison terms. It requires the trial court to find whether the consecutive term is necessary to protect the public from future crime or punish the offender. R.C. 2929.14(E)(4) requires that the multiple terms not be disproportionate to the seriousness of the offender's conduct and danger his conduct poses to the public; and the trial court is required to find that the offender's behavior fits into one of the categories listed in R.C. 2929.14(E)(4)(a)(b)(c). Once the trial court has made a category finding, the trial court must give its reason for imposing consecutive terms. R.C. 2929.19(B)(2)(c).
Courts are required by statute to make findings which state the reasons for the sentence imposed. Edmonson, 86 Ohio St.3d at 326,715 N.E.2d at 134. We have interpreted Edmonson to require the sentencing judge to provide for the record both a "category finding" under R.C. 2929.14(C) and the reasons for that "category finding." Hyde, supra at *8; Berry, supra at *7. (Emphasis added.)
`Reasons' should mean the trial court's basis for its `findings.' Berry, supra at *6. The failure to provide such information is reversible error requiring re-sentencing. See R.C. 2953.08(G), as amended by H.B. 331.
Here, the trial court imposed the longest terms allowed for both aggravated robbery and felonious assault. Although it made a "category finding" under R.C. 2929.14(C), the trial court failed to give its reasons under R.C. 2929.19(B)(2)(e) for imposing the longest term for two or more offenses arising out of a single incident.
Further, in imposing consecutive sentences, the trial court recited the statutory language set forth in R.C. 2929.14(E), and made a category finding under 2929.14(E)(4)(c), but failed to set forth its reasons for said finding as required by R.C. 2929.19 (B)(2)(c). The trial court listed Gonzalez's prior criminal record, but the mere recitation of Gonzalez's prior crimes does not comport with the requirement in R.C.2929.19 to recite reasons why maximum and consecutive sentences were imposed. See State v. Albert (1997), 124 Ohio App.3d 225, 230,705 N.E.2d 1274, 1277. (Trial court's recitation from a police report at sentencing failed to comply with the statutory requirements for imposition of consecutive sentences.)
Without the reasoning for the sentence in the record, it is difficult to confirm whether the trial court heeded the General Assembly's policy meant to curtail maximum and consecutive sentences. See Berry at *9.
Recent changes to R.C. 2903.08(G) require this court to remand this matter to the trial court for re-sentencing consistent with the requirements for imposing consecutive sentences as set forth in R.C.2929.14(E). This court applies the same sentencing requirements for the imposition of maximum and consecutive sentencing. See Berry at *8. Therefore, we vacate the sentence imposed by the trial court, and remand the matter for re-sentencing. We further instruct the trial court that if it chooses to impose maximum or consecutive sentences at the re-sentencing, that it must state, on the record, the findings required in R.C. 2929.14(E) and 2929.14(C), including its reasons for said findings. See R.C. 2953.08(G), as amended by H.B. 331; see also, Edmonson.
The eighth assignment of error is well-taken.
The ninth assignment of error raised by Gonzalez alleges that:
 IX. THE TRIAL COURT ERRED BY FAILING TO NOTIFY THE DEFENDANT OF THE BAD-TIME AND POST-RELEASE CONTROL PROVISIONS OF R.C. 2929.19(b)(3).
Gonzalez asserts that the trial court erred in failing to inform her at the sentencing hearing that she is subject to additional, administratively imposed prison time for any offense committed while incarcerated and that she is subject to post-release control. Gonzalez requests that we remand for compliance with R.C. 2929.19(B)(3).
Given our conclusion above, we need not specifically address this issue. However, we remind the court of its obligations under R.C.2929.19(B)(3)(c) to notify the offender upon re-sentencing that a period of post-release control will be imposed.
The trial court's determination that defendant committed two counts of aggravated robbery and two counts of felonious assault is affirmed. The sentence, however, is vacated and the matter is remanded for re-sentencing.
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Sentence vacated and case remanded to the trial court for re-sentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________________ COLLEEN CONWAY COONEY, JUDGE
ANN DYKE, J., CONCURS; ANNE L. KILBANE, P.J., CONCURS IN JUDGMENT ONLY.