THE STATE OF OHIO, APPELLANT, *v.* PRESTON, APPELLEE.

[Cite as State *v.* Preston (1986), 23 Ohio St. 3d 64.]

(No. 85-1196—Decided April 11, 1986.)

*John T. Corrigan,* prosecuting attorney, and *George J. Sadd,* for appellant.

*Hyman Friedman,* county public defender, *Marillyn Fagan Damelio* and *Steven E. Elder,* for appellee.

*Per Curiam.* The only issue in this case is whether R.C. 2941.25, Ohio's multiple-count statute, bars Preston's conviction and sentencing for the crime of felonious assault under the facts of this case.

In *State* v. *Barnes* (1981), 68 Ohio St. 2d 13, 14 [22 O.O.3d 126], we stated: "We are mindful that this court in many recent cases, in varying situations, has made a thorough and extensive analysis of the multiple-counts statute, R.C. 2941.25. Another exhaustive exploration, distinguishing or considering the applicability of earlier precedents of this court, would not be judicially fruitful." This statement is as true today as it was in 1981.

In determining whether the crimes of aggravated robbery and felonious assault are allied offenses of similar import, we must analyze the elements of each offense to determine if those elements "* * * correspond to such a degree that the commission of one offense will [automatically] result in the commission of the other. * * *" See *State* v. *Talley* (1985), 18 Ohio St. 3d 152, syllabus.

Upon review of the record, we find that the commission of the aggravated robbery did not automatically result in the commission of the

felonious assault. Preston came into the market and committed aggravated robbery. Jones then knocked the gun from Preston's hand and a struggle ensued. Preston retrieved his gun and committed a second crime, felonious assault, by pointing the gun at Jones and shooting him.

The judgment of the court of appeals is reversed to the extent it overruled Preston's conviction and sentencing for felonious assault. It is affirmed in all other respects.

*Judgment accordingly.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

CELEBREZZE, C.J., concurring. Ohio's multiple-counts statute requires that where a defendant's conduct can be construed to constitute two or more allied offenses of similar import, the defendant may be convicted of only one. R.C. 2941.25(A). However, the statute also provides that a defendant may be convicted of multiple offenses if any one of the following three enumerated conditions contained in R.C. 2941.25(B) is present:

"[1] Where the defendant's conduct constitutes two or more offenses of dissimilar import, *or* [2] where his conduct results in two or more offenses of the same or similar kind committed separately *or* [3] with a separate animus as to each * * *." (Emphasis added.) *E.g., State* v. *Bickerstaff* (1984), 10 Ohio St. 3d 62; *State* v. *Moss* (1982), 69 Ohio St. 2d 515 [23 O.O.3d 447]; *State* v. *Rice* (1982), 69 Ohio St. 2d 422, 424 [23 O.O.3d 374].

In *Bickerstaff, supra,* we found the first condition applicable and unanimously held that aggravated murder is not an allied offense of aggravated robbery. The court noted in part at 65-66:

"In *State* v. *Moss, supra,* at 519, this court found that the clear language of the statute 'has authorized trial courts, in a single criminal proceeding, to convict and to sentence a defendant for two or more offenses, having as their genesis the same criminal conduct or transaction, provided that the offenses (1) were not allied and of similar import, (2) were committed separately or (3) were committed with a separate animus as to each offense.' Today, we reaffirm this interpretation of the statute and note that the standard is disjunctive in nature. Furthermore, we are of the opinion that the crimes of aggravated robbery and aggravated murder are not allied offenses of similar import.

"In reaching this conclusion we are guided by principles set forth in previous decisions of this court. In *State* v. *Donald* (1979), 57 Ohio St. 2d 73 [11 O.O.3d 242], we recognized that in order for two crimes to constitute allied offenses, the crimes and their elements must correspond to such a degree that commission of one offense constitutes commission of

the other offense. See, also, *State* v. *Logan* (1979), 60 Ohio St. 2d 126 [14 O.O.3d 373].

"Further, in *State* v. *Moss, supra,* we held that aggravated burglary and aggravated murder were not allied offenses of similar import. *Id.* at paragraph two of the syllabus. In explaining our rationale, Justice Locher stated, '[t]he two offenses are not prerequisites, one for the other. To consummate either offense, the other need not be committed. Aggravated murder and aggravated burglary are never merely incidental to each other * * *.' *State* v. *Moss, supra,* at 520."

In the instant case, there are unquestionably certain conduct prohibitions which are common to both the offenses of aggravated robbery and felonious assault. However, the crimes of aggravated robbery and felonious assault do not correspond to such a degree that commission of one offense necessarily constitutes commission of the other offense. For example, appellee was charged with aggravated robbery in violation of 2911.01(A)(1); that is, committing a theft offense while having a deadly weapon on or about his person. One need not have feloniously assaulted a victim to support such a charge. Additionally, aggravated robbery requires the mere possession of a deadly weapon or dangerous ordnance whereas felonious assault requires the actual use of a deadly weapon or dangerous ordnance to cause or attempt to cause physical harm to another. Lastly, a charge of aggravated robbery can be supported by an attempt to inflict serious physical harm whereas felonious assault requires an actual infliction of serious physical harm, unless a deadly weapon or dangerous ordnance is used.

In this case, it was appellee's shooting of the victim which resulted in the additional charge of felonious assault. In my opinion, the result of barring a felonious assault charge would not be logical since one brandishing a gun during a robbery would face the same charge and sentence as a defendant who actually shot the victim. The first defendant faces conviction of aggravated robbery. Obviously, the General Assembly intended that the second defendant should face further punishment, in this case felonious assault.

However, this appeal does not require a factual analysis to determine whether the offenses were either committed separately or with a separate animus under the second or third condition contained in R.C. 2941.25(B). See *State* v. *Mitchell* (1983), 6 Ohio St. 3d 416, 418. This is because, as noted above, the two offenses charged are of dissimilar import under the first condition of R.C. 2941.25(B) and therefore are not subject to the prohibition provided for in R.C. 2941.25(A) in this case.[1] See *State* v. *Talley* (1985), 18 Ohio St. 3d 152, 156.

---

[1] R.C. 2941.25(A) provides that:

"Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

Accordingly, I concur in today's holding that the charge of aggravated robbery in violation of R.C. 2911.01(A)(1) does not constitute an allied offense of similar import to the charge of felonious assault in violation of R.C. 2903.11(A)(2), for purposes of R.C. 2941.25(A).

WRIGHT, J., concurs in the foregoing concurring opinion.