### State v. Townes
### [Cite as 8 AOA 411]

*Case No. 57705*
*Cuyahoga County, (8th)*
*Decided December 6, 1990*

*John T. Corrigan, Cuyahoga County Prosecutor, by: James R. Columbro, 1200 Ontario Street, Cleveland, Ohio 44113, for Plaintiff-Appellee.*

*David L. Doughten, Walsh & Doughten, 2000 Standard Building, 1370 Ontario Street, Cleveland, Ohio 44113, for Defendant-Appellant.*

DYKE, J.

Defendant-appellant, Emanuel Townes, was found guilty of one count of aggravated burglary, one count of aggravated robbery and two counts of felonious assault. The trial court merged the two counts of felonious assault.

Briefly, the facts which led to the above conviction are as follows. Appellant had a relationship with Lisa Allen for a few weeks in August, 1988. The evidence at trial showed that towards the end of August and beginning of September Allen tried to sever the relationship. Allen stated that on September 10, 1988, she told appellant in no uncertain terms that she did not want to see him anymore. Allen at the time was involved with another individual, John Terrell.

On September 11, 1988 the appellant came to Allen's apartment. They argued and appellant threatened Allen. Appellant left and later that evening at approximately 9:00 p.m. returned. Allen would not let him inside the building and after enlisting the aid of her brothers, appellant left the premises.

At approximately 1:45 a.m. Allen and Terrell were sleeping in Allen's home. Appellant climbed up onto the upstairs porch and kicked in the door. Allen testified that appellant carried a knife and a piece of board which she believed to be a bed slat.

. Appellant entered Allen's bedroom and began yelling, "Don't anybody move or I'm killing everybody." Terrell bent over to pick up a bat which was under the bed. Appellant ordered Terrell to put down the bat or he would kill everyone. Appellant demanded that Terrell give him the keys to his car. Terrell refused. Appellant then began to beat Terrell with the bed slat. It appears from the

record that the beating lasted several minutes. Terrell lost his grip on the bat and was unable to defend himself. Terrell relayed that appellant threatened to kill Allen and himself as well as the children who were crying. Terrell testified that he eventually escaped to a bathroom and locked himself in. Allen testified that appellant continued to threaten to kill her, Terrell, and Allen's two small children. Allen tried to calm appellant and cooperated with his command to obtain Terrell's car keys. According to Allen, after she found the car keys, appellant grabbed her from behind, put a knife to her throat and walked her out of the building. Allen and appellant then left the premises in Terrell's vehicle.

Appellant appeals and assigns the following error for our review:

"THE TRIAL COURT ERRED BY ENTERING SEPARATE JUDGMENTS AGAINST THE APPELLANT FOR AGGRAVATED ROBBERY AND FELONIOUS ASSAULT AS THESE OFFENSES ARE ALLIED UNDER R.C. 2941.25."

Appellant argues that it was error to convict him of felonious assault and states that in the present case it is an allied offense of aggravated robbery. Appellant states his conviction is barred pursuant to R.C. 2941.25.[1]

In *State v. Preston* (1986), 23 Ohio St. 3d 64, 65 the Supreme Court stated:

"In determining whether the crimes of aggravated robbery and felonious assault are allied offenses of similar import, we must analyze the elements of each offense to determine if those elements *** correspond to such a degree that the commission of one offense will [automatically] result in the commission of the other. ***" (citation omitted).

In *State v. Blankenship* (1988), 38 Ohio St. 3d 116, the court set forth in detail the analysis to be followed in determining whether offenses are allied offenses of similar import:

"This court has set forth a two-tiered test to determine whether two crimes with which a defendant is charged are allied offenses of similar import. In the fist step, the elements of the two crimes are compared. *If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import*

*and the court must then proceed to the second step.* In the second step, the defendant's *conduct* is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses." *Id.* at 117 (Emphasis supplied).

Therefore, the threshold issue under the *Blankenship* test is whether the elements of the two offenses correspond to such a degree that the commission of one will result in the commission of the other.

Comparing the elements of the offenses we find that the elements do not correspond to such an extent that the commission of aggravated robbery results in the commission of felonious assault. An aggravated robbery may occur without a felonious assault and a felonious assault may occur absent an aggravated robbery.

In *State v. Terry* (May 12, 1989), Lucas County, L-88-226, unreported, the court faced with the similar issue ruled that an aggravated robbery may occur independent from a felonious assault and a felonious assault may occur independent from an aggravated robbery.

Chief Justice Celebrezze, in a concurring opinion in *Preston, supra,* stated:

"In my opinion, the result of barring a felonious assault charge would not be logical since one brandishing a gun during a robbery would face the same charge and sentence as a defendant who actually shot the victim."

Chief Justice Celebrezze stated that the appeal in *Preston* did not require a factual analysis to determine whether the offenses of aggravated robbery and felonious assault were allied because, the "two offenses charged on of dissimilar import under the first condition of R.C. 2941.25(B) and therefore are not subject to the prohibition provided for in R.C. 2941.25(A)."

Accordingly, we hold that the offenses of aggravated robbery and felonious assault are of dissimilar import under the first test enunciated in *Blankenship, supra,* and the first condition set forth in R.C. 2941.25(B). Therefore this appeal does not require a factual analysis to determine whether the offenses here were committed separately or with a separate animus.

The judgment of the trial court finding these offenses are of dissimilar import is affirmed.

PATTON, C.J., and SWEENEY, J., concur.

---

[1] R.C. 2941.25 states.

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."