[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This case is before the court on appeal from the Huron County Court of Common Pleas. That court sentenced appellant to serve twenty-five years of incarceration after he pled guilty to an early morning burglary, robbery, and assault in a secluded rural home.
Appellant asserts the following assignments of error:
 "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN ENTERING JUDGMENT OF CONVICTIONS OF FELONIOUS ASSAULT [R.C. 2903.11(A)(2)] AND AGGRAVATED ROBBERY [R.C. 2911.01(A)(1)].
 "II. THE RECORD FAILS TO SUPPORT THE SENTENCES IMPOSED BY THE TRIAL COURT AND THE MAKING OF THE SENTENCES CONSECUTIVE TO EACH OTHER."
On the evening of December 23, 1996, appellant broke into a rural residence in Willard, Ohio. He woke John Martin, asleep in bed with his wife, by holding a knife to his throat. He demanded money. Laser told John Martin that if he did not cooperate, he would kill everyone in the family.
He led Martin out of the room. Mr. Martin began to struggle with Laser. Martin's wife called 9-1-1 for emergency help. The family was able to subdue appellant. A second intruder, Garland Barnett, entered the home, claiming he was there to help. However, when the family subdued him, a large pocket knife fell to the floor. See State v. Barnett (Mar. 31, 1998), Huron App. No. H-97-020, unreported.
On January 10, 1997, appellant was indicted for one count of aggravated burglary in violation of R.C. 2911.11(A)(1), one count of aggravated burglary in violation of R.C. 2911.11
(A)(2), and one count of aggravated robbery, in violation of R.C.2911.01(A)(1). On February 21, 1997, appellant was indicted for one count of felonious assault, in violation of R.C. 2903.11
(A)(2), and one count of conspiracy to commit aggravated burglary and robbery, in violation of R.C. 2923.01(A)(1) and (2).
On March 24, 1997, appellant pled guilty to the first and third counts of the first indictment, and to the first count of the second indictment. In exchange for the pleas, appellee agreed to dismiss the remaining charges. As the factual basis for the plea, the prosecutor stated:
 "[T]he break-in to the home to steal armed with he knife would be the aggravated burglary. The aggravated robbery was putting [the knife] to the throat to get money from the family. The felonious assault was his effort to use the knife during the struggle with the husband."
Although appellant did not tell the court the facts and circumstances of his guilt in his own words, he expressly agreed under oath that the appellee's statement of facts was correct. On May 2, 1997, the court sentenced appellant to serve prison terms of nine years for aggravated burglary, nine years for aggravated robbery, and seven years for felonious assault. The court ordered the prison terms to be served consecutively. The court also ordered the terms to be served consecutively to a four to fifteen year sentence that had been imposed for a prior felony because the instant offenses constituted a probation violation in the earlier case.
Appellant argues in his first assignment of error that because felonious assault and aggravated robbery are allied offenses of similar import, appellant could only be convicted of one offense. Appellee contends that appellant waived the issue of allied offenses by not objecting in the trial court and by entering guilty pleas.
Entering a guilty plea waives all appealable errors which may have occurred at trial, unless such errors prevented an appellant from entering a knowing and voluntary plea. State v.Kelley (1991), 57 Ohio St.3d 127, paragraph two of the syllabus. We will assume for the purpose of this appeal that appellant is arguing that his guilty pleas were not voluntary because appellant did not know the offenses he pled to were allied offenses of similar import.
In support of his argument concerning allied offenses of similar import, appellant points to language added by Am.Sub. S.B. 2, as amended by S.B. 269, in 1996 to modify the definition of aggravated robbery in R.C. 2911.01(A)(1) so that mere possession of a deadly weapon is no longer enough to support an aggravated robbery conviction:
 "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
 "(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it; * * *" (Emphasis added.)
R.C. 2903.11(A)(2) defines the offense of felonious assault:
"(A) No person shall knowingly:
 "(2) Cause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code. * * * "
Ohio's allied offenses statute, R.C. 2941.25, prohibits multiple punishments for the same criminal conduct to prevent violations of the Double Jeopardy Clauses of the United States and Ohio Constitutions. State v. Fields (1994), 97 Ohio App.3d 337,347, citing North Carolina v. Pearce (1969), 395 U.S. 711, 717. R.C. 2941.25 provides in relevant part:
 "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
Courts in Ohio traditionally used a two-tiered test to apply R.C. 2941.25. The first test is essentially the "same elements" test to determine whether each offense contains an element not contained in the other, as defined in Blockburger v.United States (1932), 284 U.S. 299; see State v. Rance (Dec. 5, 1997), Lucas App. No. L-96-277, unreported.
The second is a "same-conduct" test. However, this court has previously questioned whether the second test is still viable after the United States Supreme Court expressly rejected it in United States v. Dixon (1993), 509 U.S. 688; see State v.Rance.
The Ohio Supreme Court has defined the two-tiered test as follows:
 "In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses." (Emphasis sic.)
Newark v. Vazirani (1990), 48 Ohio St.3d 81, syllabus.
Before the Senate Bill 2 amendment, aggravated robbery and felonious assault were not considered to be allied offenses of similar import.
 "[C]ertain conduct prohibitions * * * are common to both the offenses of aggravated robbery and felonious assault. However, the crimes of aggravated robbery and felonious assault do not correspond to such a degree that commission of one offense necessarily constitutes commission of the other offense. For example, appellee was charged with aggravated robbery in violation of 2911.01(A)(1); that is committing a theft offense while having a deadly weapon on or about his per son. One need not have feloniously assaulted a victim to support such a charge. Addition ally, aggravated robbery requires the mere possession of a deadly weapon or dangerous ordnance whereas felonious assault requires the actual use of a deadly weapon or dangerous ordnance to cause or attempt to cause physical harm to another. Lastly, a charge of aggravated robbery can be supported by an attempt to inflict serious physical harm whereas felonious assault requires an actual infliction of serious physical harm, unless a deadly weapon or dangerous ordinance is used.
 "* * * [I]t was appellee's shooting of the victim which resulted in the additional charge of felonious assault. In my opinion, the result of barring a felonious assault charge would not be logical since one bran dishing a gun during a robbery would face the same charge and sentence as a defendant who actually shot the victim. The first defendant faces conviction of aggravated robbery. Obviously, the General Assembly intended that the second defendant should face further punishment, in this case felonious assault."
State v. Preston (1986), 23 Ohio St.3d 64, 67 (Celebrezze, C.J., concurring).
Before Senate Bill 2, aggravated robbery required proof that an offender had a deadly weapon while committing a theft offense, but did not require that an offender use it to feloniously assault the victim. R.C. 2911.01(A)(1). Felonious assault required proof that the defendant knowingly caused or attempted to cause physical harm to another with a deadly weapon. R.C.2903.11(A)(2). Appellant argues that because the amendment expressly makes the use of a weapon during a theft offense aggravated robbery, and because felonious assault inherently requires use of a deadly weapon to cause or attempt to cause physical harm, the commission of one must result in the commission of the other.
We disagree. The Senate Bill 2 amendment modifies only one of the factors cited by the Ohio Supreme Court in Preston. While mere possession of a deadly weapon without some overt act to reveal its presence will no longer support an aggravated robbery conviction, there is still no requirement that the weapon be used to cause harm. Both before and after the amendment, aggravated robbery contains an element of actual or threatened harm to the victim, but there is no requirement that a weapon must actually be used to cause physical harm. Felonious assault still requires the actual use of a deadly weapon to cause or attempt to cause physical harm to another. A person does not need to feloniously assault a victim to support a charge of aggravated robbery. Commission of an aggravated robbery does not result in the commission of a felonious assault and they are not allied offenses of similar import. Appellant was properly convicted of both aggravated robbery and felonious assault.
Although we no longer apply the second "same conduct" test, we note that as pled, the two offenses were not committed at the same moment. Based upon the facts the prosecutor presented as the basis for the plea, appellant used one knife for two different incidents. First, he held the knife to the victim's throat and demanded money. Second, he used the knife to gain advantage during a struggle with the victim. Because the crimes were committed separately, appellant could be convicted of both offenses. Accordingly, appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant contends that the record does not support the three sentences imposed. He also argues that the trial court should not have imposed the three sentences consecutively. For a felony of the first degree, such as appellant's convictions for aggravated burglary and aggravated robbery, a court may impose a prison term of three, four, five, six, seven, eight, nine, or ten years. For a felony of the second degree, such as felonious assault, the prison term is two, three, four, five, six, seven, or eight years. R.C. 2929.14(A)(1) and (2). For first and second degree felonies, a rebuttable presumption arises in favor of a prison term to comply with the purposes and principles of sentencing under R.C. 2929.11. R.C.2929.13(D).
The trial court sentenced appellant to terms of a year less than the maximum on each of the three counts. Under R.C.2953.08(G), we review whether clear and convincing evidence supports the trial court's sentences of more than the minimum, but less than the maximum term permitted for his offenses. Although appellant had multiple prior criminal convictions, he had not served a prison term. For an offender who has not previously served a prison term, the court must impose the shortest prison term authorized unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. R.C.2929.14(B).
The trial court found the shortest term would demean the seriousness of the offense and would not adequately protect the public before imposing the sentences, as required by R.C.2929.14(B). To do so, the trial considered the statements of the victims, finding that they had suffered great psychological harm by the invasion of their home and the life and death struggle that followed.
The trial court also considered the presentence investigation report, which included appellant's criminal history. The criminal history showed three misdemeanor convictions as a juvenile. It showed multiple misdemeanor arrests and convictions as an adult, but only one prior felony. That record showed that in the year before the present offense, appellant had been charged with two open container violations and one violation for failing to use reasonable control of an automobile in November 1996.
The court heard statements from appellee requesting lengthy consecutive sentences as well as statements made on appellant's behalf at sentencing. Appellant did not object to appellee's references to an "atrocious" record, a charge that had not been prosecuted for appellant's alleged theft of beer the previous summer, or that he was a "walking crime wave". Appellant did not object to the trial court's acknowledgment it had considered the evidence heard in the co-defendant's trial two days earlier in imposing sentence.
Having reviewed the record as required by R.C.2953.08(F), we find that clear and convincing evidence in the record supports the trial court's decision to impose nine year sentences for each of the first degree felonies of aggravated burglary and aggravated robbery, and the seven year sentence for the second degree felony of felonious assault. The record demonstrates the court considered the principles of sentencing pursuant to R.C. 2929.11 and balanced the seriousness and recidivism factors set forth in R.C. 2929.12 before imposing sentences which were more than the minimum for a first time prison term and less than the maximum for each offense. In light of the nature of the offense and injury suffered by the victims, clear and convincing evidence supports the sentencing court's determination that appellant's conduct was more serious than conduct normally constituting the offense.
Clear and convincing evidence supports the court's determination that the shortest term would demean the seriousness of the offense and would not adequately protect the public.
Although a co-defendant's trial transcript is not part of the record we may review on appeal under R.C. 2953.08(F), other clear and convincing evidence supports the court's determination. Similarly, while appellant's criminal record does not support the trial court's finding that appellant was a "walking crime wave" at the time of the instant offenses, other clear and convincing evidence supports the court's determination to impose more than the minimum term.
Appellant also argues that the trial court erred by imposing consecutive sentences. R.C. 2929.14(E) provides:
 "(3) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender, that the seriousness of the offenses requires consecutive service, or that the danger posed to the public by the offender is so great unless consecutive service is required, and if the court also finds any of the following:
 "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to [R.C. 2929.16, 2929.17, or 2929.18], or was under post-release control for a prior offense.
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of con duct adequately reflects the seriousness of the offender's conduct.
 "(c) The offender's history of criminal con duct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
While the statute requires a finding of just one of the three listed factors, the court found all three of the factors existed in appellant's case. The trial court followed the procedures required by R.C. 2929.14(E)(3) by stating its reasons for imposing consecutive sentences:
 "The Court further considered the factors in 2929.14(C)(3) and finds that the prison sentences hereby imposed should be imposed consecutively for the following reasons:
 "(1) Consecutive terms are necessary to protect the public from future crimes and to punish the Defender [sic] and consecutive sentences are not disproportionate to the seriousness of the offender's conduct and due to the danger the offender posses [sic] to the public are necessary.
 "(2) The offender was on probation for an aggravated felony of the second degree, also a violent assault at the time of the offense herein.
 "(3) Thirdly, the Defendant has a long his tory of criminal conduct including a virtual crime waive [sic] near the time of this offense which conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by the Defendant. * * *"
As previously discussed, even without the use of a co-defendant's transcript, clear and convincing evidence supports the trial court's findings to impose consecutive sentences. Again, although the record does not support a finding of a "crime wave", clear and convincing evidence supports the finding that appellant had a long history of criminal conduct.
Upon thorough consideration of the proceedings in the trial court and the law, we find that the record supports appellant's consecutive sentences. We find further that the trial court complied with the requirements of R.C. 2929.11 through2929.14 when it imposed them. Accordingly, appellant's second assignment of error is found not well-taken.
The judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.