JOURNAL ENTRY AND OPINION
The appellant, Latavius Moore, appeals the sentence of the trial court based upon his guilty pleas to one count of aggravated robbery, one count of felonious assault, one count of aggravated burglary, and one count of kidnapping. For the reasons set forth below, we vacate appellant's sentence and remand for resentencing.
The events which underlie the appellant's sentence occurred on August 17, 2000. On that date, the Cleveland Police Department received a 911 call from the residence of Mary Jo Gilmore, the victim. Present in the victim's residence at the time of the incident was the appellant, his girlfriend, Kenyatta Neely, and her brother, Ryan Neely, who were all living as guests in Gilmore's home. The victim knew Kenyatta and Ryan Neely through their father, who was incarcerated at that time; their father was the victim's boyfriend.
The victim came home from work and went into her bedroom, locking the door behind her. At one point, the appellant began banging on the victim's bedroom door asking to speak to her. When she failed to open the door, the appellant, with the help of Ryan Neely, broke down the door and began to assault her. As the appellant and Ryan Neely were in the process of breaking down the door, the victim was able to dial 911 in an attempt to summon the police. The appellant, upon entering the bedroom, pulled the phone away from the victim, but failed to hang up the phone, allowing the 911 operator to listen and tape the sounds of the entire incident.
The two attackers hog-tied the victim with the telephone cord, and the appellant began smashing her over the head with a padlock, threatened to kill her and demanded her credit cards and PIN numbers. At some point during the assault, the victim lost consciousness.
While the attack was going on, officers from the Cleveland Police Department arrived on the scene and, as they approached the house, they were able to hear the victim being beaten. The officers knocked on the front door. Kenyatta Neely answered the door and stated there was nothing going on in the house. The officers entered the house and heard the victim moaning. The appellant and Ryan Neely then entered the living room telling the police that there was nothing wrong, at which point Kenyatta Neely then retreated to the victim's bedroom. The officers heard the victim scream for help and proceeded to her bedroom where they found Kenyatta Neely standing near the victim. The victim was transported to the emergency room for her injuries. The appellant, Kenyatta Neely and Ryan Neely were subsequently arrested.
The appellant initially pleaded not guilty to the multiple-count indictment which included: count one, aggravated robbery, pursuant to R.C. 2911.01; count two, felonious assault, pursuant to R.C.2903.11; count three, aggravated burglary, pursuant to R.C. 2911.11; count four, kidnapping, pursuant to R.C. 2905.01; and count five, disrupting public service, pursuant to R.C. 2909.04.
Pursuant to an agreement between the appellant and the state, the appellant pleaded guilty to one count of aggravated robbery, one count of felonious assault, one count of aggravated burglary, and one count of kidnapping, with the remaining charge of disrupting public service being nolled.
On November 28, 2001, the appellant was sentenced to the maximum term on each count, with each term to be run consecutively for a total of 38 years incarceration.
The appellant appeals the sentence from the trial court and asserts the following assignments of error:
 "I. THE TRIAL COURT ERRED BY FAILING TO CONSIDER THE MINIMUM SENTENCE FOR THE DEFENDANT, WHO IS A FIRST-TIME OFFENDER, AND FAILING TO MAKE A FINDING ON THE RECORD THAT WOULD REBUT THE PRESUMPTION OF A MINIMUM PRISON TERM."
 "II. THE COURT ERRED BY ORDERING THE DEFENDANT TO SERVE CONSECUTIVE SENTENCES WITHOUT MAKING THE REQUIRED FINDINGS OR STATING ON THE RECORD ITS REASONS FOR MAKING THE REQUIRED FINDINGS."
 "III. THE COURT ERRED BY SENTENCING THE DEFENDANT TO THIRTY-EIGHT YEARS FOR THE COMMISSION OF A SINGLE, SERIOUS CRIME IN VIOLATION OF THE EIGHTH AMENDMENT PROHIBITION AGAINST DISPROPORTIONATELY EXCESSIVE PRISON SENTENCES."
 "IV. THE COURT ERRED IN FAILING TO FIND THAT THE DEFENDANT POSES AN UNLIKELY RISK OF RECIDIVISM."
 "V. THE TRIAL COURT ERRED IN FAILING TO MERGE THE SENTENCES FOR KIDNAPPING AND AGGRAVATED ROBBERY, WHICH WERE ALLIED OFFENSES COMMITTED WITH A SINGLE ANIMUS."
 "VI. THE TRIAL COURT ERRED IN FAILING TO MERGE THE SENTENCES FOR FELONIOUS ASSAULT AND AGGRAVATED ROBBERY, WHICH WERE ALLIED OFFENSES COMMITTED WITH A SINGLE ANIMUS."
 "VII. THE TRIAL COURT ERRED IN FAILING TO MERGE THE SENTENCES FOR AGGRAVATED BURGLARY AND AGGRAVATED ROBBERY, WHICH WERE ALLIED OFFENSES COMMITTED WITH A SINGLE ANIMUS."
 "VIII. THE DEFENDANT WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS ATTORNEY RECOMMENDED A PLEA TO ALL FOUR MAJOR FELONIES, AND DID NOT OBJECT TO THE TRIAL COURT'S FAILURE TO MERGE THE SENTENCES."
Appellant's assignments of error five through eight will be reviewed first as they represent arguments of the trial court's failure to merge allied offenses prior to sentencing.
In appellant's fifth, sixth, and seventh assignments of error, the appellant contends that the trial court failed to merge several of the indicted offenses for the purpose of sentencing as they are allied offenses committed with a single animus.
Appellant cites R.C. 2941.25, which mandates:
 "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or [the exception to (A)] where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted."
The appellant maintains that the crimes of kidnapping and aggravated robbery are allied offenses with a single animus as they are based on the same incident and conduct and therefore cannot be viewed as separate offenses. Appellant's contentions are without merit.
In State v. Jenkins (1984), 15 Ohio St.3d 164 at 198, the Supreme Court of Ohio found that implicit in every robbery (and aggravated robbery) is a kidnapping, since the restraint of the victim is usually incidental with the robbery. Therefore, a kidnapping will merge for sentencing with an aggravated robbery unless, pursuant to 2941.25(B), the offenses were committed with a separate animus. However, in State v. Logan (1979), 60 Ohio St.2d 126, the court further found that where the restraint is prolonged, the confinement is secretive, or the movement is substantial, there exists a separate animus as to each offense. Id.
In applying the logic of Logan to the case at bar, the victim was attacked as she entered her apartment, at which point she ran to her bedroom and locked the door. The appellant and Ryan Neely then kicked in the door, grabbed the phone away from the victim and then hog-tied her with the telephone cord. At this point, the appellant began smashing the victim's head with a padlock and demanded she give him her credit cards and PIN numbers. The restraint of the victim was extended beyond the commission of the aggravated robbery. The officers that responded to the call heard the assault when they approached the home. Therefore, due to the prolonged restraint of the victim by the appellant, there exists a separate animus as to both offenses, aggravated robbery and kidnapping, and merger would not be proper.
The appellant further asserts that the charges of felonious assault and aggravated robbery should be merged for sentencing as they are allied offenses of similar import.
When determining whether the crimes are allied offenses, the elements of each crime should be compared in the abstract. According to the Ohio Supreme Court, in State v. Rance (1999), 85 Ohio St.3d 632 at 636, the use of an abstract analysis will give the result of "clear legal lines capable of application in particular cases."
R.C. 2903.11, felonious assault, states:
 "(A) No person shall knowingly do either of the following:
"(1) Cause serious physical harm to another * * *;
 "(2) Cause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance."
R.C. 2911, aggravated robbery, states:
 "(A) No person, in attempting or committing a theft offense * * * shall do any of the following:
 "(1) have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it;
 "(2) have a dangerous ordnance on or about the offender's person or under the offender's control;
 "(3) Inflict, or attempt to inflict, serious physical harm on another."
An "abstract review" demonstrates that a person will not automatically commit a felonious assault if he or she also commits an aggravated robbery. Viewing the statutes, the mere possession of a deadly weapon or dangerous ordnance is sufficient to constitute a charge of aggravated assault, whereas felonious assault requires the actual use of the weapon or ordnance to "cause or attempt to cause physical harm." Additionally, "a charge of aggravated robbery can be supported by an attempt to inflict serious physical harm, whereas felonious assault requires an actual infliction of serious harm, unless a deadly weapon or dangerous ordnance is used." State v. Preston (1986), 23 Ohio St.3d 64,67 (Celebrezze, C.J., concurring). Therefore, the two crimes of felonious assault and aggravated robbery are not allied offenses, and appellant's contentions are without merit.
Appellant's final argument for merger of sentencing centers around the charges of aggravated burglary and aggravated robbery. Again, the appellant contends that the trial court erred by not merging the two offenses as they are allied offenses of similar import.
R.C. 2911.01, aggravated robbery, states:
 "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01
of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
 "(1) have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it;
 "(2) have a dangerous ordnance, on or about the offender's person or under the offender's control;
 "(3) Inflict, or attempt to inflict, serious physical harm on another."
R.C. 2911.11, aggravated burglary, states:
 "(A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separate secured or separate occupied portion of the structure any criminal offense, if any of the following apply:
 "(1) The offender inflicts, or attempts to inflict physical harm to another;
 "(2) The offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control."
For the appellant to be sentenced on aggravated burglary, he need only enter an occupied structure, or separate occupied portion of the structure, with the purpose of committing a criminal offense. In this case, the crime of aggravated burglary was completed when the appellant and Ryan Neely broke down the victim's bedroom door, entering a separately secured portion of the home, with the padlock in his hand and an intent to commit another crime.
For the appellant to be sentenced on aggravated robbery he need only commit a theft with a deadly weapon or inflict serious physical harm on another. The appellant committed the separate crime of aggravated robbery when he hog-tied the victim and repeatedly hit her with a padlock while demanding her credit cards and PIN numbers.
Even without applying the facts to the two separate offenses and viewing the elements in the abstract, the trial court did not err in sentencing the appellant for both aggravated burglary and aggravated robbery as they are not allied offenses. Appellant's fifth, sixth, and seventh assignments of error are without merit.
Appellant's eighth assignment of error maintains that he was deprived of his constitutional right to effective assistance of counsel when his attorney recommended a plea to all four major felonies as well as failing to object to the trial court's failure to merge the counts for sentencing.
This court reviews a claim for ineffective assistance of counsel under the two-part test set forth in Strickland v. Washington
(1984), 466 U.S. 668. "Under Strickland, a reviewing court will not deem counsel's performance ineffective unless a defendant can show his lawyer's performance fell below an objective standard of reasonable representation and that prejudice arose from the lawyer's deficient performance." State v. Gonzalez (Mar. 15, 2001), Cuyahoga App. No. 77338, unreported, 2001 Ohio App. LEXIS 1185, at 14; citing, State v. Bradley
(1989), 42 Ohio St.3d 136.
In order for the appellant to satisfy his burden for a claim of ineffective assistance of counsel, he must establish that, but for the lawyer's error, there is a reasonable probability that the result of the proceedings would have been different. Id.
In this case, given our decisions on appellant's fifth, sixth, and seventh assignments of error, any failure by counsel to object to the court's failure to merge offenses would be harmless error. Therefore, the only remaining argument by appellant is that his counsel was ineffective in recommending that he enter a plea to all four major felonies. In regard to this sole issue, this court cannot conclude that counsel's performance fell below an objective standard of reasonable representation. While counsel may have recommended the plea bargain, the appellant was under no obligation to accept it, nor could counsel agree to it without the appellant's consent. Appellant has failed to present any evidence that would demonstrate that any prejudice arose from his attorney's actions. Appellant's eighth assignment of error is without merit.
In appellant's first assignment of error, he maintains that the trial court erred when it sentenced a first-time offender to anything but the minimum sentence for each charge without making the required findings set out in R.C. 2929.14.
R.C. 2929.14(B) states:
 "* * * [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender or others."
In State v. Edmonson (1999), 86 Ohio St.3d 324, the Ohio Supreme Court held: "We construe this statute to mean unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutory sanctioned reasons for exceeding the minimum term warranted the longer sentence." Id. at 326.
In the instant case, the appellant asserts that the sentencing judge failed to satisfy the sentencing statute at the hearing when sentencing him to anything but the minimum on each count, considering his lack of a prior record. Upon review of the record, this court must agree with the contentions of the appellant. During the sentencing hearing, the trial judge failed to make the required findings for imposing sentence in compliance with Senate Bill 2.
In the case sub judice, the trial court's use of a checklist, journalized after the hearing and not referenced at all during the sentencing hearing, does not satisfy the sentencing requirements under Senate Bill 2. The sentencing court must make the required findings "on the record." Because the expression "on the record" is not defined under the Ohio Revised Code, this court must apply the definition found in its ordinary meaning and usage. State v. Loless (1986),31 Ohio App.3d 5. The term "on the record" must be viewed as referring to proceedings which occur in open court — in this case, during the sentencing hearing — and in the presence of the offender.
In addition, as stated in Crim.R. 43(A), "the defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, * * *." Because the sentencing judge's findings for imposing sentence were placed through a checklist, neither created nor used during the sentencing hearing, the defendant has been denied his right to be present at every stage of the proceeding. The defendant has further been denied the opportunity to be informed by the sentencing judge as to the findings and reasons to justify the imposed sentence.
Therefore, in view of the absence of statements made by the trial court on the record, and the journalized checklist findings made without the knowledge of the defendant, and without any discussion of its incorporation during the sentencing proceedings, appellant's first assignment of error is sustained, and this matter must be remanded for resentencing.
Based upon this court's determination of appellant's first assignment of error and based upon the same absence of findings "on the record" by the trial court, appellant's second assignment of error is also sustained and the matter remanded for resentencing.
Appellant's third and fourth assignments of error are therefore rendered moot based on appellant's first and second assignments of error.
Judgment affirmed in part, reversed in part and remanded for resentencing.
This cause is affirmed in part, reversed in part and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J. AND ANNE L. KILBANE, J., CONCUR.