JOURNAL ENTRY AND OPINION
{¶ 1} Anthony Garrett appeals his sentence following his guilty plea to one count of involuntary manslaughter and one count of aggravated robbery. He claims the trial court failed to adhere to Crim.R. 11, that it improperly imposed nonminimum and consecutive sentences, and that it violated Blakely v.Washington by enhancing his sentence with findings not determined by a jury. (Citation omitted.) We affirm the voluntariness of Garrett's plea, vacate his sentence and remand for resentencing.
 {¶ 2} The record reveals that in November 2005, Garrett was indicted on two counts of murder, in violation of R.C.2903.02(B), both with one- and three-year firearm specifications, and two counts of aggravated robbery, in violation of R.C.2911.01. In June 2004, he pleaded guilty to an amended indictment of one count of involuntary manslaughter, in violation of R.C.2903.04, with a one-year firearm specification, and one count of aggravated robbery, in violation of R.C. 2911.01.
 {¶ 3} Garrett was sentenced the following month to seven years on the first count, one year for the gun specification, and seven years on the final count of aggravated robbery, sentences to run consecutively. He additionally received five years of post-release control. Garrett appeals from this sentence in the assignments of error set forth in the appendix to this opinion.
 {¶ 4} In his first assignment of error, Garrett claims that the trial court failed to comply with Crim.R. 11, rendering his guilty plea involuntary. He further contends that the court failed to read the indictments and to further determine whether he understood the elements of the offenses. Since he was 18 years old and had not graduated from high school, Garrett asserts that this court cannot presume that he understood the nature of complicated charges from a silent record.
 {¶ 5} Crim.R. 11(C)(2)(a) provides:
"(C) Pleas of guilty and no contest in felony cases.
* * *
(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."
 {¶ 6} "A plea may be involuntary either because the accused does not understand the nature of the constitutional protections he is waiving, * * * or because he has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." Henderson v. Morgan (1976),426 U.S. 637, 645. In determining whether a defendant understood the charge, a court should examine the totality of the circumstances. Henderson at 644; State v. Rainey (1982),3 Ohio App.3d 441.
 {¶ 7} However, "the courts of this state have generally held that that a detailed recitation of the elements of the charge is not required under Crim.R. 11(C)(2)(a)." State v. Swift (1993),86 Ohio App.3d 407, citing Rainey. Moreover, the Constitution does not require that a trial court explain the elements of the charge, at least where the record contains a representation by defense counsel that the nature of the offense has been explained to the accused. See Henderson, supra at 647. "Apart from the small class of rights that require specific advice from the court under Rule 11(C)(2)(c), it is the responsibility of defense counsel to inform a defendant of * * * the attendant statutory and constitutional rights that a guilty plea would forgo."Libretti v. United States, 516 U.S. 29, 50-51. Dissimilar to this line of cases, and in this appeal, Garrett does not claim that his counsel rendered ineffective assistance.
 {¶ 8} At Garret's plea hearing, the prosecutor outlined the plea as it had been negotiated, stating specifically that "both counts one and three as amended are felonies of the first degree and carry with them possible penalties of incarceration of three to ten years and a fine of up to $20,000. Also, the one-year firearm specification is mandatory and to be run prior and consecutive with the underlying offense as it is in count one." Tr. at 7. Garrett's attorney then agreed with the statements made by the prosecution. Tr. at 8. Counsel also stated, "I have informed my client, your Honor, of the possible consequences of entering a plea in this matter. I've also in this matter. I've also advised him of his rights and the rights that he would be waiving by entering guilty pleas to the amended charges." Tr. at 8.
 {¶ 9} After addressing both Garrett and his co-defendant, Marcus Gilbert, personally, the court outlined the defendants' rights and those rights that the defendants would be giving up. Tr. at 12. The court questioned Garrett as to whether he understood the offenses that he was pleading guilty to, and the possible penalties for these offenses, and he responded affirmatively. Tr. at 14-15. The record reflects that the following exchange took place:
"THE COURT: Mr. Garrett, do you understand that as a felony of the first degree there is a presumption of incarceration in both of these counts?
THE DEFENDANT: Yes.
THE COURT: And do you also understand, sir, that in both of these counts when you are released from prison you could be subject to up to five years of post-release control sanctions by the Parole Board?
THE DEFENDANT: Yes, ma'am.
* * *
THE COURT: Mr. Garrett, count one is amended to the offense of involuntary manslaughter, with the deletion of only the three-year firearm specification. Now, with that deletion, involuntary manslaughter becomes a felony of the first degree. It is subject to a term of incarceration of anywhere from three to ten years in a state facility and a maximum discretionary fine of up to $20,000.
As a felony of the first degree, there is a presumption in our sentencing guidelines for incarceration. And in addition to incarceration, the one-year firearm specification must be served consecutive to any term which the court would impose for the involuntary manslaughter.
Do you understand that?
Tr. at 15-17.
 {¶ 10} Following this exchange, the trial court asked Garrett's counsel if he was satisfied with Rule 11. Counsel stated that he was satisfied. Tr. at 19.
 {¶ 11} It is clear from the record before this court that the trial court satisfied Crim.R. 11 and that Garrett was advised, not only by the court of the possible sanctions for the offenses, but that counsel advised him as well. The record also reflects that Garrett was advised that post-release control was also a part of his sentence, both at the plea hearing and through the corresponding journal entry. Further, the record reflects that Garrett's counsel explained the consequences of the plea bargain to his client. Since Garrett makes no claim of ineffective assistance of counsel, we find that Garrett's first assignment of error lacks merit.
 {¶ 12} In Garrett's second and fourth assignments of error, he claims that the trial court failed to comply with R.C.2929.14(E)(4) and R.C. 2929.14(B) when imposing consecutive and nonminimum sentences.
 {¶ 13} The Supreme Court held in Foster, supra, that R.C.2929.14(E)(4) violated the principles set forth in Blakely v.Washington (2004), 542 U.S. 296, and that the use of such sentencing criteria is unconstitutional because it requires "judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before imposition of consecutive sentences." Foster at 65-67, paragraph 83. The Supreme Court severed the provisions that it found to be unconstitutional, including R.C. 2929.14(E)(4) and R.C.2929.19(B)(2). Id. at paragraph 97. In light of this holding, judicial fact-finding is no longer required before the imposition of consecutive prison terms. Id. at paragraph 99; State v.Mathis, 109 Ohio St.3d 54, 2006-Ohio-855.
 {¶ 14} Because Foster held the statute under which Garrett's sentence was imposed to be unconstitutional and severed it from the sentencing provisions of the Revised Code, this case must be remanded for a new sentencing hearing. Foster at paragraph 104-105. At the sentencing hearing, the trial court "shall consider those portions of the sentencing code that are unaffected by [Foster] and impose any sentence within the appropriate felony range. If the offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively." Id. at paragraph 105. For these reasons, Garrett's second and fourth assignments of error have merit.
 {¶ 15} In his third assignment of error, Garrett claims error in the underlying basis of the trial court's imposition of consecutive sentences. Garrett argues that involuntary manslaughter and aggravated robbery are allied offenses of similar import and, therefore, he could not be sentenced separately for both crimes. The two offenses are not allied.
"* * * involuntary manslaughter and aggravated robbery are not allied offenses because the commission of one will not automatically result in commission of the other. State v. Preston (1986), 23 Ohio St. 3d 64, 23 Ohio B. Rep. 197, 491 N.E.2d 685. Because these offenses [* * * 17] are of dissimilar import based on an abstract comparison of the statutory elements, [defendant] may be punished for both, and his separate sentence for each offense does not violate R.C. 2941.25 or the constitutional guarantees against double jeopardy."
State v. Rance 858 Ohio St.3d 632, 1999-Ohio-291.
 {¶ 16} For these reasons, Garrett's third assignment of error fails as well. We find that Garrett's plea was voluntarily made, however, we vacate Garrett's sentence and remand for resentencing under Foster, supra.
It is ordered that appellant recover of appellee costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J., and Sweeney, P.J., concur
 APPENDIX A ASSIGNMENTS OF ERROR
 "I. THE TRIAL COURT FAILED TO FULLY COMPLY WITH CRIM.R. 11RENDERING APPELLANT'S GUILTY PLEA INVOLUNTARY AND CONTRARY TO DUEPROCESS OF LAW.
 II. THE TRIAL COURT FAILED TO COMPLY WITH R.C. 2929.14(E)(4)IN IMPOSING CONSECUTIVE SENTENCES.
 III. APPELLANT CANNOT BE SENTENCED TO CONSECUTIVE TERMS OFINCARCERATION WHEN ONE OFFENSE CONSTITUTES THE PREDICATEUNDERLYING OFFENSE FOR THE OTHER.
 IV. APPELLANT'S NONMINIMUM SENTENCE BASED UPON JUDICIALFACT-FINDING VIOLATES HIS RIGHTS AS GUARANTEED BY THE SIXTHAMENDMENT."