JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Anthony Garrett, appeals his 14-year sentence for involuntary manslaughter and aggravated robbery. We affirm.
 {¶ 2} Garrett was indicted in November 2004 on two counts of murder and two counts of aggravated robbery. All counts contained one-and three-year firearm specifications. Appellant pleaded guilty to count one as amended, involuntary manslaughter, with a one-year firearm specification, and count three as amended, aggravated robbery, with deletion of the firearm specifications. The remaining counts were nolled.
 {¶ 3} Garrett was sentenced to seven years for involuntary manslaughter, to be served consecutively to one year for the firearm specification, and seven years for aggravated robbery, to be served consecutively to the involuntary manslaughter sentence, for a 15-year total sentence.
 {¶ 4} Garrett appealed, and this court vacated his sentence and remanded for resentencing under State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470. State v. Garrett, Cuyahoga App. No. 86804, 2006-Ohio-3836, ¶ 14 and 16 ("Garrett I"). On remand, Garrett was sentenced to a 14-year term, which consisted of seven years for involuntary manslaughter to be served consecutively to one year on the firearm specification, and six years for aggravated robbery, to be served consecutively to the involuntary manslaughter sentence. *Page 4 
 {¶ 5} In his first assignment of error, appellant contends that the trial court erred by imposing non-minimum, consecutive sentences in violation of the Due Process and Ex Post Facto Clauses of the United States Constitution.
 {¶ 6} This court has already addressed this issue in State v.Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, discretionary appeal not allowed, 115 Ohio St.3d 1439, 2007-Ohio-5567, and held that "the remedial holding of Foster does not violate [a defendant's] due process rights or the ex post facto principles contained therein."Mallette at ¶ 47. Garrett acknowledged at his resentencing hearing and before this court in this appeal that the issue has been decided and he raised it only to preserve it for future appeal.
 {¶ 7} Based on Mallette, Garrett's first assignment of error is overruled.
 {¶ 8} Garrett contends in his second assignment of error that the trial court failed to make a finding that his sentence was consistent with similarly situated offenders.
 {¶ 9} After Foster, the trial court is no longer required to make findings and give reasons for a sentence. Nevertheless, in exercising its discretion the court must carefully consider the statutes that apply to every felony case, which include R.C. 2929.11 and 2929.12. R.C. 2929.11 sets forth the purposes of sentencing, and R.C. 2929.12 sets forth factors the trial court should consider relating to the seriousness of the offense. Under R.C. 2929.11 (A), "the overriding purposes of felony sentencing are to protect the public from future crime by the *Page 5 
offender and others and to punish the offender." Under R.C. 2929.11(B), "a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 10} "Consistency in sentencing is achieved by weighing the sentencing factors. [State v.] Georgakopoulos, [Cuyahoga App. No. 81934, 2003-Ohio-4341.] See, also, State v. Tish, Cuyahoga App. No. 88247,2007-Ohio-1836; State v. Ashley, Lake App. No. 2006-L-134,2007-Ohio-690; State v. Battle, Franklin App. No. 06AP-863,2007-Ohio-1845." State v. Dowell, Cuyahoga App. No. 88864,2007-Ohio-5534, ¶ 8.
 {¶ 11} In State v. Oko, Cuyahoga App. No. 87539, 2007-Ohio-538, this court held that "R.C. 2929.11 does not require a trial court to make findings on the record, * * *." Id. at ¶ 18. In State v. Dawson, Cuyahoga App. No. 86417, 2006-Ohio-1083, this court held that R.C. 2929.11 "sets forth objectives for sentencing courts to achieve." Id. at ¶ 25. Further, "there is no grid under Ohio law under which identical sentences must be imposed for various classifications of offenders." Id. at ¶ 31. An appellate court must examine the record not to decide whether the trial court "imposed a sentence that is in lockstep with others, but whether the sentence is so unusual as to be outside the mainstream of local *Page 6 
judicial practice. Although the offense[s] may be similar, distinguishing factors may justify dissimilar treatment." Id.
 {¶ 12} Here, the trial court considered R.C. 2929.11 and 2929.12 when sentencing Garrett, and in considering those statutes, also considered Garrett's role in the crimes vis-a-vis his co-defendants. Upon review, we find that Garrett's sentence is supported by the record, the trial court followed the statutory process for felony sentencing, and the sentence imposed is within the statutory range for appellant's convictions. The second assignment of error is therefore overruled.
 {¶ 13} Finally, Garrett contends in his third assignment of error that the trial court erred in imposing separate sentences for involuntary manslaughter and aggravated robbery, as they are allied offenses.
 {¶ 14} This court already addressed and rejected this issue inGarrett I:
 {¶ 15} "`* * * involuntary manslaughter and aggravated robbery are not allied offenses because the commission of one will not automatically result in commission of the other. State v. Preston (1986),23 Ohio St.3d 64, 23 Ohio B. Rep. 197, 491 N.E.2d 685. Because these offenses are of dissimilar import based on an abstract comparison of the statutory elements, [defendant] may be punished for both, and his separate sentence for each offense does not violate R.C. 2941.25 or the constitutional guarantees against double jeopardy.'" Garrett I at ¶ 15, quoting State v. Rance, 85 Ohio St.3d 632, 1999-Ohio-291,710 N.E.2d 699. *Page 7 
 {¶ 16} On the authority of Rance and Garrett I, the third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, JUDGE
 COLLEEN CONWAY COONEY, P.J., and ANN DYKE, J., CONCUR. *Page 1