The STATE of Ohio, Appellee,

v.

ALLEN, Appellant.

[Cite as *State v. Allen* (1996), 115 Ohio App.3d 642.]

Court of Appeals of Ohio,
Seventh District, Jefferson County.

No. 95–JE–45.

Decided Nov. 20, 1996.

*Stephen M. Stern,* Jefferson County Prosecuting Attorney, and *Matthew P. Puskarich,* Assistant Prosecuting Attorney, for appellee.

*James R. McKenna,* for appellant.

---

Cox, Judge.

This matter presents a delayed appeal pursuant to App.R. 5(B) from a jury verdict and judgment rendered upon the verdict by the Jefferson County Common Pleas Court finding defendant-appellant, Jason A. Allen, guilty of aggravated robbery in violation of R.C. 2911.01(A)(2) and felonious assault in violation of R.C. 2903.11(A), along with his subsequent sentencing thereon.

At approximately 2:00 a.m. on July 30, 1995, the victim herein, Clarence Hopper, stopped at a rest area near the intersection of State Route 7 and County

Road 213 in Jefferson County, Ohio. Upon leaving the restroom, the victim was approached by Benjamin Martin, who was traveling with appellant. Martin requested money from the victim. When the victim ignored Martin and turned to open the door of his vehicle, Martin attacked him.

The remaining facts in this matter are in dispute. Appellant alleged that when he saw Martin striking the victim, he got out of his vehicle and told Martin to stop. The victim then came up behind appellant, at which time appellant turned and struck the victim, knocking him to the ground.

A witness testifying for plaintiff-appellee, state of Ohio, stated that after Martin initially attacked the victim, appellant joined him and the two of them took turns kicking the victim in the head until other travelers intervened. The victim sustained serious injuries, including but not limited to a broken nose and a crushed orbital eye socket. Appellant fled the scene of the incident and was later apprehended in Wellsville, Ohio.

On September 13, 1995, appellant was indicted by the Jefferson County Grand Jury on one count of aggravated robbery and one count of felonious assault. Following discovery, this matter proceeded to jury trial on October 26, 1995. Upon due deliberation by the jury, appellant was found guilty of both counts as set forth in the indictment. On November 17, 1995, appellant was sentenced to serve an indefinite incarceration term of not less than five nor more than twenty-five years for aggravated robbery and an indefinite incarceration term of not less than five nor more than fifteen years for felonious assault. Appellant's sentences were ordered to run consecutively, and he was given credit for time served.

Appellant sets forth two assignments of error on appeal.

Appellant's first assignment of error alleges:

"In this case were the offenses of aggravated robbery and felonious assault allied offenses of similar imput [*sic*]?"

■ Appellant complains that aggravated robbery and felonious assault are allied offenses of similar import and required proof of the same elements. Therefore, appellant submits that he could not have been convicted of both charges. Appellant cites no relevant case law for his proposition that the within charges are allied offenses of similar import.

The crimes of aggravated robbery and felonious assault are not allied offenses of similar import. In *Newark v. Vazirani* (1990), 48 Ohio St.3d 81, 549 N.E.2d 520, the Ohio Supreme Court examined the issue of allied offenses of similar import and held at its syllabus:

"Under R.C. 2941.25, a two-tiered test must be undertaken to determine whether two or more crimes are allied offenses of similar import. In the first

step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's *conduct* is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses. (*State v. Blankenship* [1988], 38 Ohio St.3d 116, 117, 526 N.E.2d 816, 817, approved and followed.)" (Emphasis *sic*.)

In *State v. Preston* (1986), 23 Ohio St.3d 64, 23 OBR 197, 491 N.E.2d 685, the Ohio Supreme Court held that the commission of aggravated robbery did not automatically result in the commission of felonious assault and, therefore, R.C. 2941.25 did not bar the defendant's conviction and sentencing for felonious assault as well as aggravated robbery. The court in *State v. Ferguson* (1991), 71 Ohio App.3d 342, 594 N.E.2d 23, likewise held that felonious assault and aggravated robbery do not constitute allied offenses of similar import. See, also, *State v. Sowell* (May 27, 1993), Cuyahoga App. No. 62601, unreported, 1993 WL 180216, and *State v. Carter* (Jan. 14, 1993), Cuyahoga App. No. 61502, unreported, 1993 WL 7700.

Appellant's first assignment of error is found to be without merit.

Appellant's second assignment of error alleges:

"Was the conviction of the Appellant of aggravated robbery in violation of Ohio Revised Code 2911.01(A2) against the manifest weight of the evidence?"

In reviewing the issue of whether a conviction is against the manifest weight of the evidence, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492.

Appellant alleges that the facts herein did not warrant a charge of aggravated robbery against him, let alone a conviction. He states that no threat was made against the victim, nor was any property taken from the victim. In support of his position, appellant points to the victim's testimony wherein he indicated that somebody bumped into him and asked him for money. Appellant also points out that he, himself, testified at trial that Benjamin Martin had jumped out of the vehicle which they were in and asked the victim for money. Therefore, appellant believes that his conviction on the charge of aggravated robbery was against the manifest weight of the evidence.

■ Appellant's own verbal and written statement indicated that he and Benjamin Martin were going out to "beat somebody up to get some money" and that he tried to get the victim's wallet and was unable to do so. These statements were witnessed by Jefferson County Sheriff Fred Abdalla and by Saline Township Sergeant Clifford Utt. Attempting to commit a theft offense is sufficient to satisfy an aggravated robbery conviction. There was competent, credible evidence presented herein from which the jury could have found the essential elements of aggravated robbery proven beyond a reasonable doubt.

Appellant's second assignment of error is found to be without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

JOSEPH E. O'NEILL, P.J., and GENE DONONFRIO, J., concur.