JOURNAL ENTRY and OPINION
{¶ 1} On November 2, 2001, Paul Henderson filed an application for reopening pursuant to App. R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this court in State v. Henderson
(July 5, 2001), Cuyahoga App. No. 78920. In that opinion, we affirmed the defendant's guilty plea to one count of aggravated robbery. On December 19, 2001, the state of Ohio filed a memorandum of law in opposition to the application to reopen. For the following reasons, we decline to reopen Henderson's original appeal:
{¶ 2} As mandated by App.R. 26(B)(2)(b), an application for reopening must be filed within ninety days of journalization of the appellate judgment which the applicant seeks to reopen. The applicant must establish "good cause" if the application for reopening is filed more than ninety days after journalization of the appellate judgment which is subject to reopening. State v. Cooey, 73 Ohio St.3d 411, 1995-Ohio-328,653 N.E.2d 252; State v. Reddick, 72 Ohio St.3d 88, 1995-Ohio-249,647 N.E.2d 784.
{¶ 3} Herein, Henderson is attempting to reopen the appellate judgment that was journalized on July 16, 2001. He did not file his application for reopening until November 2, 2001. Thus, the application is untimely on its face. Additionally, Henderson failed to establish a "showing of good cause" for the untimely filing of his application for reopening. State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994),69 Ohio St.3d 1481, 634 N.E.2d 1027; State v. Trammell (July 24, 1995), Cuyahoga App. No. 67834, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v. Travis (Apr. 5, 1990), Cuyahoga App. No. 56825, reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed,72 Ohio St.3d 317, 1995-Ohio-152, 649 N.E.2d 1226.
{¶ 4} The doctrine of res judicata also prohibits this court from reopening the original appeal. Errors of law that were either raised or could have been raised through a direct appeal may be barred from further review vis-a-vis the doctrine of res judicata. See, generally, State v.Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 1204. The Supreme Court of Ohio has further established that a claim for ineffective assistance of counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. State v.Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204. In this matter, we do not find the application of res judicata to be unjust.
{¶ 5} Henderson possessed a prior opportunity to raise and argue the claim of ineffective assistance of appellate counsel through an appeal to the Supreme Court of Ohio. Henderson, however, did not file an appeal with the Supreme Court of Ohio and has further failed to provide this court with any valid reason why no appeal was taken to the Supreme Court of Ohio. State v. Hicks (Oct. 28, 1982), Cuyahoga App. No. 44456, reopening disallowed (Apr. 19, 1994), Motion No. 50328, affirmed (Aug. 3, 1994), 70 Ohio St.3d 1408, 637 N.E.2d 6.
{¶ 6} Notwithstanding the above, Henderson failed to establish that his appellate counsel was ineffective. In order for the court to grant the application for reopening, Henderson must establish that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).
 {¶ 7} In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a "genuine issue" as to whether there was a "colorable claim" of ineffective assistance of counsel on appeal.
{¶ 8} State v. Spivey, 84 Ohio St.3d 24, 1998-Ohio-704,701 N.E.2d 696. To establish such claim, Henderson must demonstrate that counsel's performance was deficient and that deficiency prejudiced the defense. Strickland v. Washington (1984), 466 U.S. 688, 80 L.Ed.2d 674,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
{¶ 9} In regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate attorney's discretion to decide which issues he or she believes are the most fruitful arguments. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue, if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745, 77 L.Ed.2d 987,103 S.Ct. 3308. Additionally, appellate counsel is not required to argue assignments of error which are meritless. Barnes, supra.
{¶ 10} Nevertheless, a substantive review of the application to reopen fails to demonstrate that there exists any genuine issue as to whether applicant was deprived of the effective assistance of appellate counsel. Henderson claims that his appellate attorney was ineffective for failing to include issues that appellant wanted raised on appeal. Henderson argues that his trial counsel was ineffective because of counsel's advice to accept the proposed plea bargain of pleading guilty to aggravated robbery in exchange for the state of Ohio dismissing the felonious assault charge since they were already allied offenses and even if they went to trial, Henderson could only be convicted and sentenced on one offense. Therefore, as a result of counsel's advice, "there is no reasonable way that his guilty plea could be considered to have been entered knowingly, voluntarily, and intelligently."
{¶ 11} However, this court and the Supreme Court of Ohio have consistently held that aggravated robbery and felonious assault are not allied offenses. State v. Preston (1986), 23 Ohio St.3d 64, 491 N.E.2d 685;State v. McKinley (1986), 24 Ohio St.3d 208, 494 N.E.2d 1113; State v.Allen (1996), 115 Ohio App.3d 642, 685 N.E.2d 1304; State v. Ferguson
(1991), 71 Ohio App.3d 342, 594 N.E.2d 23; State v. Sowell (May 27, 1993), Cuyahoga App. No. 62601; State v. Carter (Jan. 14, 1993), Cuyahoga App. No. 61502; State v. Smalcer (June 4, 1992), Cuyahoga App. No. 60863;State v. Colapietro (Apr. 26, 1990), Cuyahoga App. No. 56827. Thus, appellate counsel in the exercise of appellate judgment could properly conclude that such an argument would lose or would be too weak to include or could detract from his other arguments. Pursuant to the admonitions of the Supreme Court, this court will not second guess the strategy and tactics of appellate counsel.
Accordingly, the application to reopen is denied.
ANNE L. KILBANE, J., and FRANK D. CELEBREZZE, JR., CONCUR.