**David M. LYONS–BEY,
Plaintiff–Appellant,**

v.

**George PENNELL, et al., Defendants–
Appellees.**

**No. 03–1295.**

United States Court of Appeals,
Sixth Circuit.

March 15, 2004.

David M. Lyons–Bey, Marquette, MI,
pro se.

Linda M. Olivieri, Office of the Attorney
General, Lansing, MI, Ronald W. Chapman, Kimberley A. Koester, Chapman &
Associates, Bloomfield Hills, MI, for Defendants–Appellees.

Before: BOGGS, Chief Judge;
DAUGHTREY, Circuit Judge; and
ALDRICH, District Judge.*

*ORDER*

David M. Lyons–Bey, a pro se Michigan
prisoner, appeals a district court judgment
dismissing his civil rights complaint filed
pursuant to 42 U.S.C. § 1983. This case
has been referred to a panel of the court
pursuant to Rule 34(j)(1), Rules of the
Sixth Circuit. Upon examination, this
panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Lyons–Bey sued multiple prison officials
for several alleged constitutional violations.
On July 10, 2002, and July 19, 2002,
Lyons–Bey was granted an enlargement of
time until September 23, 2002, to file a
response to two motions to dismiss. On
July 30, 2002, Lyons–Bey was ordered to
file a response to another motion to dismiss by August 26, 2002. On September
23, 2002, Lyons–Bey filed a motion for an
enlargement of time to respond to all three

---

* The Honorable Ann Aldrich, United States
District Judge for the Northern District of
Ohio, sitting by designation.

motions. Lyons–Bey was granted an enlargement of time until November 12, 2002, to file a response to the three motions. On November 8, 2002, Lyons–Bey filed another motion for an enlargement of time, requesting until November 30, 2002, to file a response to the motions. The motion was granted and Lyons–Bey was informed that no further extensions of time would be granted. On November 21, 2002, defendant Koskiniemi filed a motion to dismiss the complaint for failure to prosecute.

In a document dated November 30, 2002, Lyons–Bey filed a response to the motions to dismiss. However, the document was not received by the district court until December 11, 2002. Upon de novo review of a magistrate judge's report, the district court questioned whether the response was given to prison officials on November 30, 2002, and berated Lyons–Bey for waiting until the due date of the response to give the document to prison officials for filing. The district court found, without citation to authority, that the mailbox rule announced in *Houston v. Lack,* 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), was not applicable to this case. The court dismissed the complaint for want of prosecution.

On appeal, Lyons–Bey asserts that the district court erred in dismissing his First and Fourteenth Amendment claims for failure to state a claim in an interim order dated February 26, 2002. He also asserts that the district court erred in dismissing his entire complaint for want of prosecution.

▉ Federal courts are authorized to dismiss actions for want of prosecution. Fed.R.Civ.P. 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Further, the United States Supreme Court

has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Although this court reviews a dismissal for failure to prosecute under an abuse of discretion standard, *id.* at 633, dismissal for lack of prosecution is a harsh sanction and should be ordered only when there is a showing of clear delay or contumacious conduct. *Carter v. City of Memphis,* 636 F.2d 159, 161 (6th Cir. 1980). Under the facts of this case, the district court abused its discretion in dismissing Lyons–Bey's complaint for failure to prosecute.

The district court mentions that the prison mailbox rule established in *Houston* has been rejected by the Michigan Supreme Court. Although *Houston* is not binding on the state courts of Michigan, *Houston* is ·binding on the federal courts. *Maples v. Stegall,* 340 F.3d 433, 439 (6th Cir.2003). The district court granted Lyons–Bey until November 30, 2002, to file his response. Under *Houston,* Lyons–Bey's response was deemed filed with the district court when the response was given to prison officials on November 30, 2002. Therefore, it was erroneous for the district court to conclude that Lyons–Bey's response was not timely filed when he gave the response to prison officials on November 30, 2002.

▉ The district court also questioned whether Lyons–Bey actually gave his response to prison officials on November 30, 2002. The court, citing *McGore v. Wrigglesworth,* 114 F.3d 601, 605 (6th Cir.1997), noted that Lyons–Bey provided no evidence that the response was given to prison officials on November 30, 2002, other than the fact that the response was dated November 30, 2002. However, in his proof of service filed with the response, Lyons–Bey explicitly states that "under the penal-

ty of perjury the foregoing is true and correct, under 28 U.S.C. § 1746." Lyons–Bey's statement satisfies § 1746 as he even referenced the statute in his declaration of service of process. *Id.* Therefore, the district court erred in concluding that Lyons–Bey's response was not timely filed. As a result, the district court should not have dismissed the case for want of prosecution.

As for Lyons–Bey's remaining argument, the issue is not appropriate for disposition at this time. As the case is remanded to the district court for further proceedings, it would be premature to address the district court's interim decision on Lyons–Bey's First and Fourteenth Amendment claims.

Accordingly, we vacate the district court's judgment and remand the case for further proceedings. Rule 34(j)(2)(C), Rules of the Sixth Circuit.