RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 08a0204p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

ROBERT S. SCUBA,

        *Petitioner-Appellant,*

    *v.*

ANTHONY BRIGANO, Warden,

        *Respondent-Appellee.*

No. 04-3895

>

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 03-01771—Ann Aldrich, District Judge.

Submitted: July 25, 2007

Decided and Filed: December 27, 2007[*]

Before: KEITH and GRIFFIN, Circuit Judges; VAN TATENHOVE, District Judge.[**]

---

### COUNSEL

**ON BRIEF:** David C. Stebbins, LAW OFFICES, Columbus, Ohio, for Appellant. Mark Joseph Zemba, OFFICE OF THE OHIO ATTORNEY GENERAL, Cleveland, Ohio, for Appellee.

---

### OPINION

---

VAN TATENHOVE, District Judge. Robert S. Scuba was convicted in Geauga County, Ohio, on one count of aggravated robbery and one count of felonious assault. After a lengthy appeals process, Scuba filed a petition for a writ of habeas corpus in federal district court. The district court dismissed Scuba's petition, finding that he had procedurally defaulted his state court claims. Because we agree, the dismissal of Scuba's habeas petition is affirmed.

---

[*] This decision was originally issued as an "unpublished decision" filed on December 27, 2007. On May 15, 2008, the court designated the opinion as one recommended for full-text publication.

[**] The Honorable Gregory F. Van Tatenhove, United States District Judge for the Eastern District of Kentucky, sitting by designation.

1

## I.    Background

For the purposes of this appeal, the parties agree to the facts that unfolded on September 4, 1997. On that day, Scuba and two others, brandishing weapons, entered the home of Gordon Faith. During a struggle, Scuba grabbed Faith by his hair and threw him down. He then bound Faith's arms and legs with duct tape, beat him, and threatened to shoot him. While the others were searching the house, a smoke alarm sounded, causing all three intruders to flee. Eventually, Faith managed to summon help and was taken to the hospital where he was treated for fractures to his eye socket and skull, broken ribs and nose, and numerous lacerations. Upon Scuba's conviction in 1998, the trial court sentenced Scuba to ten years on the first count (aggravated robbery), seven years on the second count (felonious assault), and three years for the firearms violation, all to be served consecutively.

With the assistance of his trial counsel, Scuba appealed his conviction and sentence on five grounds. Relevant to the current appeal, Scuba raised the following arguments as his fourth and fifth grounds respectively: (1) "the trial judge abused his discretion by sentencing the Appellant to consecutive terms of incarceration when the factual findings relied on were against the manifest weight of the evidence;" and (2) "the trial court committed reversible error when sentencing Appellant to the maximum prison term allowed under the sentencing guidelines for aggravated robbery because such sentence was not supported by the record." The appellate court affirmed Scuba's conviction and the consecutive nature of his sentences but remanded the case because "[t]he trial court must [and failed to] adequately state its reasons . . . for imposing the maximum sentence pursuant to [Ohio statutory law.]"

Prior to his re-sentencing and with the assistance of new counsel, Scuba filed a Notice of Appeal along with a Motion for Delayed Appeal in the Supreme Court of Ohio. The Supreme Court granted the motion but ultimately dismissed "the appeal as not involving any substantial constitutional question." None of Scuba's assignments of error to the Supreme Court invoked federal constitutional issues. Additionally, Scuba's only claim related to his sentence was that "[t]he trial court abused its discretion in sentencing defendant-appellant to consecutive terms when the trial court merely recites the statutory provisions and the evidence was against the manifest weight of the evidence."

At his re-sentencing, the trial court permitted Scuba to represent himself pro se but appointed a standby legal advisor. The trial court imposed the same sentence, with the exception that Scuba received nine years for aggravated robbery, rather than his initial ten. His sentences were again to be served consecutively.

Scuba appealed this sentence as well, raising three claims of error. The appellate court concluded that two issues were barred as res judicata. That court noted that it had "already addressed the issue of consecutive sentences [in Scuba's first appeal], and . . . Scuba failed to raise the issue that he was issued excessive prison terms as a punishment for failing to enter a plea agreement in his initial appeal." Scuba's third assignment of error, based on the denial of his motion for the trial judge to recuse for re-sentencing, was dismissed as moot because the Ohio Supreme Court had already denied an affidavit of disqualification from Scuba.

Next, after nearly four years of legal challenges, Scuba appealed pro se to the Supreme Court, alleging two assignments of error:

> Whether the appellant was denied Due Process of Law under Article I, §16 of the Ohio Constitution and the Fourteenth Amendment of the United States Constitution, when the appellate court failed to adjudicate and reach the merit of appointed appellate counsels [sic] Motion for Leave to Appeal Consecutive Sentences as Allied

Offenses Of [sic] Similar Import; Alternatively, Defendant-Appellant's Application For Reopening.

Whether appellant was deprived of his rights under the Fifth Amendment of the United States Constitution from double jeopardy . . . because the trial and appellate court(s) failed to apply the Allied Offenses of Similar Import to appellant's convictions . . . .

The Supreme Court dismissed the appeal "as not involving any substantial constitutional question" on August 7, 2002.

Scuba's long litigation project also produced several collateral motions,[1] including an untimely Application to Reopen [Appellant's Original] Direct Appeal pursuant to Ohio Rule of Appellate Procedure 26(B). Scuba filed the Application while his "re-sentencing appeal" was still pending with the appellate court. Under Rule 26(B), a defendant has ninety days to file an application for reopening.

The appellate court issued its judgment triggering the ninety-day deadline on or about November 8, 1999. In his Application, Scuba alleged that all three attorneys who acted as his counsel at various times were ineffective. Specifically, he contended that his counsel were collectively ineffective for failing to file an Application to Reopen within the ninety-day deadline. Scuba further argued that he had been denied Due Process of law for a variety of reasons and that he was deprived of his Fifth Amendment protection from double jeopardy, regarding his consecutive sentences for aggravated robbery and felonious assault. The Eleventh District Court of Appeals dismissed the Application on April 16, 2003, based upon Scuba's failure to show cause "why he [] waited over two and one-half years to file an application for reopening."

Scuba's original petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was filed on July 12, 2001. The district court dismissed that petition without prejudice, as Scuba's "re-sentencing appeal" was still pending in state court. Scuba then filed his current pro se petition on August 21, 2003, raising eight grounds for relief. Because Scuba only contested the State's Answer/Return of Writ with regard to three of his claims for relief, only those three grounds remain relevant to this appeal. The grounds are as follows:

GROUND ONE: Petitioner was deprived of his Fourteenth Amendment Rights because the (11th District) Court of Appeals failed to properly adjudicate, barred by the doctrine of res judicata, appellate counsel's Motion to Leave to Appeal Consecutive Sentences as Allied Offenses of Similar Import, Alternatively, Application for Reopening.[2]

---

[1] For instance, he filed a pro se "Motion for Nunc Pro Tunc Judgment Entry . . ." on April 8, 2001, with the trial court. Scuba subsequently appealed the denial of that motion, and the appellate court affirmed, noting that the issues concerned therein were already on appeal and that nunc pro tunc judgment entries could not be used to accomplish the relief Scuba sought.

[2] "Allied Offenses of Similar Import" is a reference to § 2941.25(A) of the Ohio Code, which states: "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." OHIO REV. CODE ANN. § 2941.25(A) (2007). The Ohio courts cite federal Double Jeopardy jurisprudence as insightful to § 2941.25 analysis, though not dispositive. *State v. Rance*, 710 N.E.2d 699, 702 (Ohio 1999). As a result, when multiple offenses survive the *Blockburger* test (*i.e.* each offense requires proof of an element that the other does not), precedent indicates by and large that the offenses are not allied offenses of similar import, though legislative intent is dispositive. *Id.* (aggravated robbery and involuntary manslaughter are not allied offenses); *Blockburger v. United States*, 284 U.S. 299 (1932); *see also State v. Preston*, 491 N.E.2d 685 (Ohio 1986) (aggravated robbery and felonious assault

GROUND TWO: Petitioner was deprived of his Rights under the Fifth Amendment from Double Jeopardy as applicable to the states through the Due Process Clause of the Fourteenth Amendment because the trial court failed to apply Allied Offenses of Similar Import to Petitioner[']s convictions, and by the appellate court's dismissal of the issue on appeal, barred by the doctrine of res judicata.

GROUND FIVE: Petitioner was deprived of his Fourteenth Amendment Rights because the 11th district court of appeals dismissed, failed to adjudicate petitioner[']s application for reopening raising a viable issue petitioner was denied choice of counsel prior to trial depriving him of his Sixth and Fourteenth Amendment Rights.

The Magistrate Judge concluded that Scuba's claims were procedurally defaulted and, therefore, recommended that his petition be dismissed. The district court adopted the Report and Recommendation ("R&R") on the same grounds pursuant to 28 U.S.C. § 2254.

## II. Analysis

### A.      Waiver

The State argues that Scuba waived his right to appeal the dismissal of his habeas petition by failing to file objections, or move for an extension of time to object, to the Magistrate Judge's R&R within the prescribed time period. The R&R contained the following notice: "ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order." The R&R was dated and entered on May 17, 2004. The district court entered an order adopting the R&R on June 7. The next day, Scuba's Motion to Extend Time for Filing Objections to Magistrate Judge's Report and Recommendation was entered on the docket.

Scuba contends that he received the R&R, and first notice thereof, on or about May 21, as he was an incarcerated pro se petitioner. Nothing in the record suggests to the contrary. According to FED. R. CIV. P. 6(a), "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded from the computation." As such, excluding May 22, 23, 29, 30, June 5, and 6 as weekend days and May 31, 2004, as Memorial Day, the deadline for Scuba to file objections was June 7. Although Scuba's Motion was not entered on the docket until June 8, the certificate of service indicates that it was sent via U.S. Mail on May 25. Therefore, pursuant to the federal pro se prisoner mailbox rule, Scuba's Motion "was filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 276 (1988); *see also Lyons-Bey v. Pennell*, 93 F. App'x 732 (6th Cir. 2004) (pro se prisoner mailbox rule applied to response to motion to dismiss civil complaint). Accordingly, Scuba timely moved the district court for additional time to object to the Magistrate Judge's R&R. Because the district court improperly denied Scuba's Motion for being out of time to object, this Court exercises jurisdiction over the instant appeal.

### B.      Procedural Default

The Sixth Circuit employs a four-part test to determine whether procedural default is a bar to a petitioner's claims. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the

---

not allied offenses); *State v. McCoy*, 2006 Ohio 56 (Ohio Ct. App. 2006) (attempted murder and felonious assault, same); *State v. Allen*, 685 N.E.2d 1304 (Ohio Ct. App. 1996) (aggravated robbery and felonious assault, same).

petitioner failed to comply with the rule." *Id.* at 138 (citations omitted). "Second, the court must decide whether the state courts actually enforced the state procedural sanction." *Id.* (citations omitted); *see also Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). Third, the state procedural forfeiture must be an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. *Maupin*, 785 F.2d at 138. Finally, if these three prerequisites are met, "the petitioner must demonstrate under *Sykes* that there was 'cause' for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error." *Id.* (citing in part *Wainwright v. Skyes*, 433 U.S. 72, 87 (1977)).

Scuba's first two grounds for relief in his habeas petition are procedurally distinct from his final ground for relief. His first two grounds are based upon his direct appeals in state court and pertain to his challenge of the consecutive nature of his sentences. Scuba's final ground for relief (labeled as his fifth ground) is based on the state court of appeals' denial of his Application to Reopen [Appellant's Original] Direct Appeal as untimely. This Court has ruled that an application to reopen a direct appeal in Ohio under Rule 26(B) is a collateral attack to a defendant's conviction and is not part of a direct appeal. *Lopez v. Wilson*, 426 F.3d 339, 352 (6th Cir. 2005). Therefore, the issues of procedural default on direct appeal are considered separately from issues of default on collateral attack, as set forth below.

### 1.      Consecutive Sentences

In his first appeal, Scuba argued that "the trial judge abused his discretion by sentencing the Appellant to consecutive terms of incarceration when the factual findings relied on were against the manifest weight of the evidence." The court of appeals affirmed the lower court on this issue but remanded for re-sentencing on Scuba's conviction for aggravated robbery. On appeal from his re-sentencing, Scuba argued that the trial court committed error by imposing consecutive sentences on convictions that clearly arose from allied offenses of similar import. The court of appeals affirmed the lower court, finding that it had already considered the nature of Scuba's sentences as consecutive in Scuba's first appeal and that his assignment of error was barred as res judicata.

As a matter of comity for the states' capacity and duty to enforce federal law, a habeas petitioner is first required to "fairly present" his federal claims in state court before seeking relief in the federal court. *Whiting v. Burt*, 395 F.3d 602, 612-13 (6th Cir. 2005) (citing *Baldwin v. Reese*, 541 U.S. 27 (2004)). The Sixth Circuit employs a four-part test in determining whether a petitioner has "properly asserted both the factual and legal basis [in state court] for his [constitutional] claim." *Id.* at 613. The Court examines the petitioner's claims in state court for:

> (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

*Id.* (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)).

In his first direct appeal, Scuba challenged his consecutive sentences for aggravated robbery and felonious assault on purely state law grounds. He contended that the trial judge's factual findings were not supported by the record. Thus, Scuba claimed, the trial judge failed to lay a proper factual foundation for the imposition of consecutive sentences under Ohio statutory law. OHIO REV. CODE ANN. § 2929.14(E)(4) (2007).

On appeal from his re-sentencing, Scuba argued that because his aggravated robbery and felonious assault charges were "allied offenses of similar import" under Ohio Revised Code § 2941.25(A), it was error to sentence him consecutively for the violation of these counts. Pursuant

to § 2941.25(A), "if multiple offenses are of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." OHIO REV. CODE ANN. § 2941.25(A) (2007). Had Scuba presented this issue in his original appeal, he would have satisfied the "fair presentation" criteria for asserting a Fifth Amendment, Double Jeopardy Clause, challenge to his consecutive sentencing. Ohio's allied offense statute compliments federal double jeopardy jurisprudence, and the state courts consult federal jurisprudence as informative of what does and does not constitute an "allied offense of similar import." *See supra*, n.2. Furthermore, Scuba's brief specifically cited the Double Jeopardy Clause and discussed the seminal federal constitutional case on double jeopardy, *Blockburger v. United States*, 284 U.S. 299 (1932). *Id.* Nevertheless, the court of appeals properly found that Scuba had already presented and lost an appeal on the consecutive nature of his sentences, thereby precluding his claim. Scuba, therefore, had a full and fair opportunity to litigate his constitutional claim in his original direct appeal and failed to do so.

A review of the *Maupin* factors supports the conclusion that Scuba procedurally defaulted his allied offense/double jeopardy claims. "Ohio has a rule that claims must be raised on direct appeal if possible; otherwise, res judicata bars their litigation in subsequent state proceedings. This rule was consistently applied in [Scuba's] case." *Seymour v. Walker*, 224 F.3d 542, 555 (6th Cir. 2000); *see Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001) (Ohio's doctrine of res judicata is "an independent and adequate" state ground under *Maupin*).

Because the state court had an adequate basis for determining that Scuba defaulted his Fifth Amendment/allied offense claim for purposes of his second direct appeal, Scuba is left with the burden of demonstrating both 'cause' for not raising his constitutional claim in his original direct appeal and prejudice resulting from the alleged constitutional error. *Maupin*, 785 F.2d at 138. Scuba contends that his counsels' ineffective assistance supplies the requisite cause.

Discussing that very proposition, this Court has held that:

> [while] ineffective assistance of counsel may constitute cause, "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." In fact, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."

*Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994) (citation omitted). The Court cannot find here that the failure of Scuba's counsel to raise an allied offense—and by implication, double jeopardy—argument on his first appeal amounted to cause sufficient to excuse procedural default. Regardless, such failure resulted in no actual prejudice to Scuba.

The Court will also not ignore the obvious: conviction and consecutive sentencing for both aggravated robbery and felonious assault is constitutionally sufficient under the Fifth Amendment pursuant to *Blockburger*. While felonious assault requires proof that the defendant "[c]ause[d] or attempt[ed] to cause physical harm to another," OHIO REV. CODE ANN. § 2903.11(A)(2) (2007), aggravated robbery requires no such proof, OHIO REV. CODE ANN. § 2911.01 (2007). Conversely, aggravated robbery requires that the defendant was "attempting or committing a theft offense," but felonious assault has no such element. *Id.*; *see Robertson v. Morgan*, 227 F.3d 589, 593-94 (6th Cir. 2000); *see also supra*, n.2. Therefore, Scuba's counsel cannot be found to have been constitutionally ineffective for failing to raise a double jeopardy argument on appeal. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984); *Benge v. Johnson*, 474 F.3d 236, 248 (6th Cir. 2007); *Howard v. Bouchard*, 405 F.3d 459, 485 (6th Cir. 2005) ("Having found that neither [Petitioner's] trial

counsel's performance nor his appellate counsel's performance prejudiced him under the *Strickland* inquiry, we thus find that [Petitioner] has failed to establish 'cause' to excuse procedural default.").

Notwithstanding the dispositive analysis above, even if Scuba were capable of showing cause for procedural default in the form of ineffective assistance of counsel, the only time that Scuba alleged that his counsel was ineffective for failing to raise a Fifth Amendment challenge was collaterally in his Application to Reopen his direct appeal. In contrast to his Application, when Scuba appealed the dismissal of his second direct appeal to the Ohio Supreme Court, he did not raise an ineffective assistance of counsel claim. Instead, he argued that the court of appeals erred in not adjudicating the merits of his underlying allied offense/double jeopardy claims.

The Supreme Court has held that a defendant generally must present the claim of ineffective assistance of counsel to the state courts as "an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). Indeed, an ineffective assistance of counsel claim can itself be procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *see also Richey v. Mitchell*, 395 F.3d 660, 679 (6th Cir. 2005). For the reasons discussed in the following section regarding Scuba's Rule 26(B) Application, Scuba's ineffective assistance argument has in fact been procedurally defaulted. Scuba has not demonstrated cause for that default.

Finally, it bears noting that with respect to the three grounds upon which Scuba appeals the dismissal of his *current* habeas case, Scuba persists in his assertion that the state courts improperly adjudicated various elements of Scuba's case. Notably, however, he does not raise an independent claim alleging ineffective assistance of counsel.

## 2.    Untimely Application to Reopen

In his fifth ground for habeas relief, Scuba argued that the appellate court "failed to adjudicate petitioner[']s application for reopening raising a viable issue petitioner was denied choice of counsel prior to trial depriving him of his Sixth and Fourteenth Amendment Rights." In his Application to Reopen, Scuba for the first time asserted a deprivation of his Sixth and Fourteenth Amendment rights on the issue of ineffective assistance of counsel with regard to choice of counsel.

The Court again utilizes the *Maupin* factors to determine whether procedural default is a bar to Scuba's claims. 785 F.2d at 138. First, Ohio Rule of Appellate Procedure 26(B), which governs the reopening of a direct appeal, contains a filing deadline that constitutes a "state procedural rule that is applicable to the petitioner's claim." *Id.* Scuba failed to comply with that rule by filing his application over two years past the deadline without good cause. *Id.* Regarding the second *Maupin* factor, the state court of appeals, upon finding that Scuba failed to show good cause for his delay, enforced the rule by dismissing Scuba's application as untimely. *Id.*

Addressing the third *Maupin* factor, Scuba argues that the state procedural bar is not an 'adequate and independent' state ground because Ohio does not apply the rule uniformly. "[O]nly a 'firmly established and regularly followed state practice' may be interposed by a State to prevent subsequent review by [the federal courts] of a federal constitutional claim." *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (quoting *James v. Kentucky*, 466 U.S. 341, 348-51 (1984)). Scuba string-cites eleven cases as evidence for his proposition that the timeliness/good cause rule is not "firmly established and regularly followed." However, closer examination of the cases reveal that they are all—without fail—*capital* cases in which the Supreme Court of Ohio exercised its jurisdiction over

the case as an appeal of right, in compliance with Ohio Supreme Court Rule II(A)(1).**3** These cases are irrelevant, and Scuba ignores this Court's precedent regarding Rule 26(B) in non-capital cases like his:

> Our review of Ohio law leads us to conclude that there was sufficient guidance as to what would not constitute good cause at the time the rule was applied in this case. We do not dwell on the decisions issued shortly after the *Murnahan* decision, as the Ohio courts have had several years since then to consider the "good cause" requirement.

*Monzo v. Edwards*, 281 F.3d 568, 578 (6th Cir. 2002) (citations omitted). *Monzo* was decided in February of 2002, and Scuba filed his Application to Reopen in July of that same year.

Because the first three *Maupin* factors favor a finding of procedural default, Scuba bears the burden of demonstrating "that there was 'cause' for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error." *Maupin*, 785 F.2d 138. As cause for failing to file in time, Scuba argued that all three of his prior counsel were ineffective. Considering this argument, the court of appeals found:

> Even if we were to hold these attorneys' collective failure to file an application for reopening constitutes good cause, "'such good cause has long since evaporated. Good cause can excuse the lack of a filing only while it exists, not for an indefinite period.'" The decision in Scuba's initial appeal was released in November 1999. He has been represented by three different attorneys since this decision was released. Scuba does not explain why he has waited over two and one-half years to file an application for reopening.

In his current appeal, Scuba also fails to show good cause for his long delay in filing.

Even if Scuba had been more diligent in filing his application closer to the ninety-day deadline, Scuba's counsel could not have been "ineffective" for failing to file an application on his behalf. Ohio Appellate Rule 26(B) filings are collateral proceedings to which a defendant has no Sixth Amendment right to the assistance of counsel. *Lopez v. Wilson*, 426 F.3d 339, 352 (6th Cir. 2005); *see also Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) ("Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application timely."); *Jackson v. Johnson*, 217 F.3d 360, 364 (5th Cir. 2000) (no constitutional right to counsel for purposes of filing a rehearing motion; counsel on direct appeal has no duty to inform a client of the option to file the same pro se). Accordingly, because Scuba cannot satisfy the cause and prejudice requirement of *Maupin*, he has procedurally defaulted the claims he first raised in his Application to Reopen, including his Fifth Ground for relief in his current petition.

## III. Conclusion

For the foregoing reasons, the dismissal of Scuba's petition for a writ of habeas corpus is affirmed.

---

**3**That Rule states in part:

An appeal of a case in which the death penalty has been affirmed for an offense committed prior to January 1, 1995, an appeal from the decision of a court of appeals under App. R. 26(B) in a capital case, or a case that originated in the court of appeals invokes the appellate jurisdiction of the Supreme Court and shall be designated an appeal of right.