[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10114
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-23452-CMA

KEVIN GERALD FORDE,

Plaintiff-Appellant,

versus

MIAMI FEDERAL DEPARTMENT OF CORRECTIONS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 22, 2014)

Before PRYOR, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Kevin Forde, a federal prisoner proceeding *pro se*, appeals the district

court's *sua sponte* dismissal without prejudice of his putative 42 U.S.C. § 1983

civil rights action for failure to timely file an amended complaint as required by a prior order. He also appeals the district court's refusal to compel discovery. After review of the record and the parties' briefs, we affirm in part and reverse in part.

## I

Because we write for the parties, we assume familiarity with the underlying facts of the case and recite only what is necessary to resolve this appeal.

Mr. Forde sued the Miami Federal Department of Corrections under § 1983, alleging that a prison doctor failed to prescribe him the anti-seizure medication he required, and that the corrections officer on duty refused to assist him when he began bleeding after injuring his head while in the throes of a seizure. Mr. Forde subsequently filed a "motion of discovery," through which he sought to determine, among other things, the identities of the doctor who failed to prescribe him anti-seizure medicine and the officer on duty at the time he injured himself. The district court denied the motion, explaining that Mr. Forde must seek discovery from the defendants in the case once they have been properly served with process rather than through the court.

Subsequently, on November 5, 2013, the magistrate judge entered an order indicating that MFDOC was not a properly-named defendant because it was not a person acting under color of state law for purposes of § 1983. The magistrate judge ordered Mr. Forde to file an amended complaint containing separate

2

paragraphs for each defendant, alleging the conduct of each defendant, and alleging supporting facts showing why each defendant was being sued. The order also cautioned Mr. Forde that failure to file an amended complaint in a timely manner would "probably result in the dismissal of [his] case." Mr. Forde then requested and was granted a 30-day extension of time through December 26, 2013, in which to file an amended complaint, but was also warned that "no further extensions [would be] permitted."

On December 10, 2013, Mr. Forde filed a "motion to compel MFDOC" to release information, in which he requested that the district court compel MFDOC to provide the names and addresses of the doctor and officer responsible for his injuries. The district court denied the motion the next day, again explaining that Mr. Forde must first serve a defendant before it could compel discovery. In so doing, the district court invited him to "seek a second and final extension of time" to amend his complaint so that he might name the proper defendants.

On December 22, 2013, Mr. Forde mailed a letter to the district court requesting an additional 60-day extension to amend his complaint, but the request was not docketed by the clerk's office until December 31, 2013. In the meantime, on December 27, 2013, the district court dismissed Mr. Forde's complaint without prejudice, concluding that Mr. Forde had not filed an amended complaint by December 26 as ordered, had not sought a second extension of time, and had not

3

advised the court that a dismissal would result in a statute of limitations bar to refiling the complaint.  Mr. Forde now appeals.

## II

On appeal, Mr. Forde argues that the district court erred in dismissing his case because he was unable to find the names and addresses of the proper defendants such that he could not amend his complaint, and also erred when it declined to compel discovery from MFDOC.

## A

Mr. Forde contends that the district court improperly dismissed his complaint because, as a pro se plaintiff, he lacks the resources to identify the proper defendants and should have been given more time to ascertain their identities.  We disagree with the first of these arguments, but remand for further consideration of the second.

We review a dismissal for failure to comply with a court order for abuse of discretion.  *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).  "Discretion means the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law."  *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (quotation omitted).  The Federal Rules of Civil Procedure allow a district court to dismiss a plaintiff's action for failure to comply

4

with the Rules or any court order.  Fed. R. Civ. P. 41(b).  Under Rule 41(b), a court has the power to *sua sponte* dismiss a case.  *Betty K Agencies*, 432 F.3d at 1337.

Although the district court must liberally construe pro se pleadings, *pro se* litigants are nevertheless subject to the Federal Rules of Civil Procedure.  *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).   As an initial matter, we reject Mr. Forde's contention that his *pro se* status precluded him from properly amending his complaint.  The district court's orders instructed Mr. Forde on the necessary contents and proper structure of his amended complaint.  His *pro se* status thus does not excuse him from complying with those orders by filing a complaint that states a claim against properly-named defendants.  *Albra*, 490 F.3d at 829.

We also conclude, however, that the district court erred by dismissing Mr. Forde's case before it considered his timely-filed motion for a second extension of time.  The timing of *pro se* prisoners' filings is governed by the "prison mailbox rule," under which, at least presumptively, "a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing."  *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).  *See also Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993) (observing that this rule "states an equitable, standardized method for measuring time restrictions so that requisite time

5

limitations for filing do not preclude the incarcerated petitioner's equal access to the courts").

The district court invited Mr. Forde to seek a second and final extension of time to amend his complaint in its December 11 order. Mr. Forde attempted to accept this invitation in his letter to the court dated December 22 (and ultimately docketed on December 31). The district court's December 27 order premised the dismissal in part on Mr. Forde's purported failure to seek an extension. Unbeknownst to the district court at the time, Mr. Forde had in fact timely sought a second extension of time. Because Mr. Forde timely filed a motion for extension under the prisoner mailbox rule, we remand to allow the district court to reconsider its dismissal order in light of Mr. Forde's motion. *See Scuba v. Brigano*, 527 F.3d 479, 484 (6th Cir. 2007) (holding that prisoner mailbox rule rendered timely *pro se* prisoner's motion for extension of time docketed one day after filing deadline, where the motion's certificate of service was dated nearly two weeks earlier).

**B**

Mr. Forde maintains that the district court erred when it denied his motion to compel discovery from MFDOC, as he could not ascertain the identities of the proper defendants absent a court order compelling MFDOC to disclose that information. We disagree.

We review a district court's denial of a motion to compel discovery for abuse of discretion. *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 837 (11th Cir. 2006). Under this standard, we will not second-guess the district court's decision unless it reflects a clear error of judgment. *Id.*

Without service of process, a court ordinarily may not exercise power over a party named as a defendant in a complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). For a court to exercise personal jurisdiction over a given defendant, that defendant must receive more than mere notice. *Prewitt Enters., Inc. v. Org. of Petroleum Exp. Countries*, 353 F.3d 916, 924-25 (11th Cir. 2003). "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros.*, 526 U.S. at 347. Accordingly, absent proper service of process, a district court has no jurisdiction to compel a defendant to respond to discovery requests. *See id.* (holding as a "bedrock principle" that a defendant is not required to enter into litigation or to take action as a party in a case before it is served with process).

Notwithstanding his conclusory statements indicating that he had served MFDOC, Mr. Forde submitted no proof of service in the district court. Although Mr. Forde argues that he could not name the proper defendants without a court order forcing MFDOC to reveal their identities, his failure to effect service on

7

MFDOC meant the district court lacked the power to compel MFDOC to produce information.  Accordingly, the district court did not abuse its discretion when it declined to compel discovery from MFDOC.[1]

## III

The district court's dismissal of Mr. Forde's case without prejudice is reversed.  The district court's denial of Mr. Forde's motion to compel discovery is affirmed.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

---

[1] We note, for Mr. Forde's benefit on remand, that we have allowed *pro se* prisoners to bring actions against sufficiently-described "John Doe" defendants where they cannot identify the proper defendants at the time of filing the complaint but would be able to do so through discovery. *See Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992).